L. D. NICKLES *v.* S. R. KENDRICKS ET AL.

JUSTICE OF THE PEACE. *Mayor of municipality. Jurisdiction. Code* 1892, § 3001. *Unlawful detainer. Code* 1892, *ch.* 142.

 The mayor of a municipality who is, under § 3001, code 1892, *ex officio* a justice of the peace within the territorial limits thereof, is also a "justice of the peace of the county" within the meaning of ch. 142, code 1892, and may participate as such in the trial of an action of unlawful detainer. *Smith* v. *Jones, Trustee*, 65 Miss., 276, cited.

FROM the circuit court of Bolivar county.

HON. R. W. WILLIAMSON, Judge.

This was an action of unlawful detainer, brought by the appellant, and tried and determined in his favor by W. G. Brown, a justice of the peace of Bolivar county, and Claude Seales, mayor of the town of Duncan, in said county, and *ex officio* a justice of the peace. The complaint was filed before Brown,

and the warrant was returnable at Duncan. The land in controversy lies outside of the corporate limits of that town. On appeal to the circuit court a motion was made by the appellee to vacate the judgment rendered and dismiss the action, on the ground that Seales, being only the mayor of the town of Duncan, with a jurisdiction limited to its corporate boundaries, was not a justice of the peace of the county, within the meaning of the statute, relating to actions of unlawful detainer (Code 1892, ch. 142), and, therefore, not authorized to hear and determine the cause. The motion was sustained, and from the judgment entered in conformity therewith, this appeal was prosecuted.

*Moore & Clark*, for the appellants.

The jurisdiction of the mayor of Duncan, though confined to the corporate limits of his municipality, was, under § 3001, code 1892, that of a justice of the county. No other justice who might be called upon to sit in such a cause, outside of the territorial limits of his district, would be free from the objection urged against him. Code 1892, ch. 142; *Bell* v. *McKinney*, 63 Miss., 187.

The case of *Heggie* v. *Stone*, 70 Miss., 39, does not conflict with the position taken by appellant. It was there held that the charter of the town of Vaiden was unconstitutional in so far as it attempted to confer upon the mayor jurisdiction over all justice court causes arising within the district in which Vaiden was situated. That was quite a different case.

*Butt & Butt*, for the appellee.

Seales, the mayor of Duncan, had no jurisdiction outside of that town, either as mayor or *ex officio* justice of the peace. *Heggie* v. *Stone*, 70 Miss., 39. Under the statute regulating actions of unlawful detainer, the magistrates who sit therein must be justices of the peace of the county. Code 1892, §§ 4462, 4463, 4468.

This remedy being purely statutory, and the court in which

it is sought one of special and limited jurisdiction, every requirement of the statute must be observed or jurisdiction will not be acquired.

WOODS, J., delivered the opinion of the court.

Claude Seales, the mayor of Duncan, was, under § 3001, code of 1892, *ex officio* a justice of the peace in and for the corporate limits of Duncan—that is to say, his jurisdiction as a justice of the peace was limited to the territorial boundaries of his municipality precisely as that of the ordinary justice of the peace is limited to the territory embraced in his magisterial district. In the one case, the mayor is an *ex officio* justice in and for his municipality, and in the other, the magistrate is a justice in and for his district. In both cases they are justices of the peace of the county—justices of the county in and for a certain district. This very point was involved in *Smith* v. *Jones, Trustee*, 65 Miss., 276, and it was held that a mayor of a town was a justice of the peace of the county in which his town was situated.

*Reversed and remanded.*