ALLIE BROWN v. STATE OF MISSISSIPPI.

1. CRIMINAL LAW.   *Mayor acting as justice of the peace.   Bond.   Affidavit.*
    The mayor of a municipality is not required to give an additional
    bond as justice of the peace, and the validity of his acts in the lat-
    ter capacity are not affected by the failure to execute such bond.

2. SAME.   *Testimony of accused.   Contradiction as to immaterial matter.*
    The contradiction of the accused by other witnesses, in respect to
    an immaterial matter elicited on cross-examination, is not hurtful,
    and does not constitute reversible error.

3. SAME.   · *Credibility of witnesses.   Testimony of accused.   Instruction.*
    An instruction for the state, upon the credibility of witnesses, that
    merely puts the accused, who has testified in his own behalf,
    upon a like footing with other witnesses, is not within the rule
    condemning charges that suggest the falsity of his testimony or
    authorize the jury to disregard it as unworthy of belief.   *Buckley*
    v. *State*, 62 Miss., 705; *Woods* v. *State*, 67 *Ib.*, 575, distinguished.

FROM the circuit court of Noxubee county.

HON. G. B. HUDDLESTON, Judge.

This was a prosecution of appellant for the unlawful sale of
intoxicating· liquors, and was begun by affidavit made before
the mayor of Shuqualak, acting as *ex officio* a justice of the
peace, who, upon conviction of the accused, sentenced him to
imprisonment for ninety days and the payment of a fine of three
hundred dollars.   On the appeal of the accused, a trial *de novo*
was had in the circuit court, which also resulted in his convic-
tion, and he was sentenced to pay a fine of twenty-five dollars
and costs.   In the circuit court the accused moved to quash the
affidavit, because the magistrate had never given a bond as jus-
tice of the peace, and was, therefore, without jurisdiction, which
motion was overruled.   During the cross-examination, as a wit-
ness in his own behalf, the accused was asked if he had not, on
the trial in the magistrate's court, stated in his remarks to the

jury that he had given away, or loaned, whisky to one Gurley, a witness for the prosecution, to which he replied he had not. No objection was offered to this inquiry, and the state was permitted, over the objection of the accused, to contradict the answer of the accused by several witnesses.

The third instruction for the state, referred to in the opinion of the court, is as follows: "The jury are the sole judges of the credibility of witnesses, and in determining whether a witness will be believed or not, they are not bound by the opinions of other witnesses, but have a right to consider all the testimony of the case, the motives and the interest of the witness, the nature of his testimony, and all the facts in evidence throwing light upon the point."

*J. E. Rives,* for the appellant.

1. "*Ex officio* justices of the peace, as well as justices of the peace, and all others exercising the rights and powers of justices of the peace, are constitutional officers." In that respect no distinction can be made between a justice of the peace, elected as such, and an *ex officio* justice of the peace, elected as a mayor of a town or village. If official bonds are to be required of justices of the peace, they are also to be required of *ex officio* justices of the peace, and it is made the imperative duty of the legislature (a duty that cannot be delegated to others) to fix the penalty of all official bonds. Sec. 82, const. Section 2393, code 1892, requires that " every person elected a justice of the peace shall, before he enters on the duties of his office, take the oath of office, etc., and enter into bond in the same manner as other county officers, in the penalty of $2,000, conditioned according to law." Thus we see that the legislature have required justices of the peace to give bond, before entering upon the discharge of their duties, and have complied with their duty under the constitution, by fixing the penalty thereof—that is, if this section applies, as I contend that it does, to *ex officio* justices of the peace.

2. The court permitted several witnesses to testify, over the objection of defendant, and for the purpose of contradicting the defendant on an immaterial point, that defendant had stated on the trial of the case in the justice court, that he had given away or loaned whisky to the state witness, Gurley, after the defendant had stated, on the stand in this trial, that he had made no such statement. The legal principle is too well settled to admit of controversy, that a witness cannot be impeached by introducing evidence to contradict him on an immaterial point. They had also asked the defendant the question as to whether he had or had not stated on the trial in the justice court, that he had given or loaned whisky to Gurley. This was asked for the purpose, and for the sole purpose, of laying a predicate to contradict him, a proceeding that this court had expressly repudiated. "A witness cannot be cross-examined as to any fact which is collateral and irrelevant to the issue, merely for the purpose of contradicting him by other evidence." *Garman* v. *State*, 66 Miss., 198; Greenl. on Ev., secs. 448, 449.

3. The court erred in granting the third instruction asked by the state. Let it be borne in mind that, while the defendant introduced between twenty and thirty witnesses in this case, they were all, without exception, character witnesses; they were questioned as to nothing else. There was one witness, and only one witness, introduced by defendant who testified as to facts in issue, and that was the defendant himself. So that, in considering this point, which is here made, the case is in exactly the same attitude as if the defendant was the only witness offered in his behalf.

The objection to that charge is patent. The jury is positively directed to consider the motives and interest of the witness, not witnesses (for there was only one witness on that point), the nature of his testimony. In other words, it says simply this: "Gentlemen of the jury, you must disregard the testimony of the defendant, for the reason that he has a motive in testifying as he does; he has considerable interest at stake;

from the very nature of his testimony you must disregard it, and consider all the other facts in evidence, for by reason of his motives, his interest, and the nature of his testimony, it throws no light upon the point at issue." *Woods* v. *State*, 67 Miss., 575; *Buckley* v. *State*, 62 Miss., 705.

*Wiley N. Nash*, attorney-general, for the state.

The mayor was justice of the peace *ex officio*, and his bond as mayor covered the acts and duties devolved upon him by law as justice of the peace. The other assignments of error are without merit.

WOODS, C. J., delivered the opinion of the court.

The appellant was charged, by affidavit before John L. Floore, mayor of the town of Shuqualak, with unlawfully selling intoxicating liquors. He was tried and convicted, and appealed to the circuit court. In the circuit court he filed his motion to quash the affidavit made against him, on the ground that the lower court was without jurisdiction because said mayor and *ex officio* justice of the peace had never qualified as a justice of the peace by entering into bond in the sum of $2,000 as such justice. Elective justices of the peace are required to give bond. But neither the statute nor any sound reason prescribes the giving of any additional bond by a municipal officer already under bond, as a prerequisite to his discharge of the duties of an *ex officio* justice of the peace. The functions of that office are imposed by legislative will upon mayors of cities and towns. They are superimposed upon other functions of like character already possessed, and without regard to the wish of mayoralty incumbents, and the bonds given as mayors are the guaranty of fidelity of the *ex officio* justice of the peace.

It was error to permit the defendant to be examined about an irrelevant and immaterial matter, but, as it was not hurtful, we cannot reverse because the defendant was allowed to be contradicted by other witnesses on this immaterial point.

The third instruction for the state was not erroneous. On its face it would appear to have been directed to the evidence of the state's witnesses who were sought to be impeached. But if it may be supposed to have embraced the defendant in its general terms, it was still not erroneous. It is not the charge condemned in *Buckley's case*, 62 Miss., 705, and in *Woods' case*, 67 Miss., 575. In this third instruction there is no suggestion of the probable falsity of the defendant's evidence, nor any authorization to the jury to throw it aside as unworthy of belief. Surely, a defendant who offers himself as a witness on his own behalf, does not occupy a position superior to that of other witnesses uncharged with crime. He must be content if placed upon the footing of all other witnesses.

*Affirmed.*