UNITED STATES FIDELITY & GUARANTY CO. v. ADAMS COUNTY.

[63 South., 192.]

1. JUSTICE OF THE PEACE.  *Police justice.  Official bonds.  Liability of surety.  Obligee of bond.  Code 1906, section 1022.  Separate liability.  Evidence.  Admissions.  Declarations of principal. Demand.  Parties.*

Where under the special charter of a city the police justice thereof is *ex-officio* justice of the peace, the bond given by such police justice, inures to the benefit of the county, to protect it in the collection of fines due the county which have been collected by said *ex-officio* justice of the peace and not been accounted for.  Since the functions of the office of justice of the peace inhered in the office of police justice by operation of

law and were an inseparable part of the duties of the office to which he was elected and therefore covered by the bond.

2. SAME.

Under Code 1906, section 1022 so providing the fact that the bond in such case was made payable to the city and not to the county is immaterial.

3. SAME.

The fact that the city had already recovered from the sureties on such bond the amount of fines and cost due it by the police justice does not prevent the county from also recovering from the sureties on the bond for the fines due it by such *ex-officio* justice of the peace; for while the bond inures to the benefit of two different parties, the cause of action is in no sense joint, and the suit by the city in no way affects the right of the county to maintain a separate action.

4. EVIDENCE. *Admissions. Liability of surety.*

In a suit by a county against the sureties on the bond of a police justice who is *ex-officio*, a justice of the peace who has since died, for the amount of fines collected by him and for which he has not accounted to the county, where some of the records have been lost or destroyed, declarations made by the principal in the bond against interest are admissible against the sureties.

5. SAME.

It is not necessary before the bringing of such suit that demand should be made on the administrator of the estate of the deceased principal in such bond.

6. OFFICIAL BONDS. *Liability of surety. Parties.*

In a suit in chancery by a county on the bond of a police justice who is *ex-officio*, a justice of the peace, which bond inures to the benefit of the county, for fines collected by such *ex-officio* justice of the peace and unaccounted for, although such bond is payable to the city, the county can sue in its own name without joining the city, as only those parties who have some interest in the litigation are necessary parties.

APPEAL from the chancery court of Adams county.
HON. J. S. HICKS, Chancellor.

Suit by Adams county against the United States Fidelity & Guaranty Company. From a decree for complainants, defendant appeals.

The facts are fully stated in the opinion of the court.

*Gerard Brandon,* for appellant.

As to the first assignment of error: The court erred in not rendering a decree dismissing the bill of complaint, for the reason that appellee, Adams county, had no right of action under the official bond of R. S. Dorsey, as police justice, is not a party thereto, nor a beneficiary thereunder. *Patty* v. *Williams,* 71 Miss. 837 (15 So. 43).

As to the second assignment of error: The court erred in not rendering a decree dismissing the bill of complaint for the reason that the city of Natchez (of which Dorsey was an official and to which said bond was payable), had already sued and recovered a judgment for breaches of said bond against the appellant United States Fidelity & Guaranty Company, for the full amount of all that was demanded, to wit, three hundred and forty-seven dollars and sixty-eight cents, which judgment appellant paid and satisfied, and that thereby appellant's liability on said bond became *res judicata* and was satisfied. In support of our contention we cite the case of *State for Use, etc.,* v. *Morrison,* 60 Miss. 81.

As to the third, fourth and fifth assignments of error: Third, the court erred in rendering a decree in favor of Adams county, and against United States Fidelity & Guaranty Company, for any amount whatever on the official bond of R. S. Dorsey as police justice of the city of Natchez, for the reason that said bond on its face and by its terms and the intentions of the parties was intended to cover and in fact did cover only the obligations and duties of said Dorsey as police justice of the city of Natchez, and not of an *ex-officio* justice of the peace of Adams county, and said bond created no legal liability whatever on the part of said surety to said Adams county.

Fourth, the court erred in rendering any decree in favor of appellee and against said appellant for any amount, for the reason that the bond sued on is not the bond of R. S. Dorsey *ex-officio* justice of the peace of said Adams county, but is the bond of said R. S. Dorsey as police justice of the city of Natchez only.

Fifth, the court erred in rendering any decree in favor of appellee and against the appellant, upon the bond sued on, for the reason that any breach of duty by said R. S. Dorsey when assuming to act as an *ex-officio* justice of the peace was not a breach of any condition expressed, implied, or legally arising out of the bond sued on given by him as police justice of the city of Natchez. *Kiessig* v. *Allspaugh*, vol. 13, p. 418 of Lawyers' Reports Annotated, Old Series; *Miller* v. *Stewart*, 22 U. S., 9 Wheat (6 L. Ed.), 195; Anderson, Law Dict. Title, Surety. See, also, *McKay* v. *McDonald*, 5 Ala. 388; *Granite Bank* v. *Ellis*, 43 Me. 367; *Reed* v. *Varvin*, 12 Serg. & R. 100; *Ludlow* v. *Simond*, 2 Cai. Cas. 38; *National Mechanics Bkg. Asso.* v. *Conkling*, 90 N. Y. 116; *Birckhead* v. *Brown*, 5 Hill 635; *McCluskey* v. *Cromwell*, 11 N. Y. 598; *Lipscomb* v. *Postell*, 38 Miss. (9th Geo.) 476.

It may be contended that the effect of decision in the case of State v. Martin has been weakened by the later case of *Adams* v. *Williams*, 97 Miss. 113. But this latter case only affects the Martin case to the extent that it holds it would be immaterial whether the officer signs or fails to sign his bond as principal where the surety signs and the bond was delivered. In other words, our court now holds that an informally executed bond under our present statutes, is just as good as if the formal execution was perfect. But the rule *strictissimi juris* has not been changed nor as we interpret the cases, is it held that any further liability upon the surety is created than is warranted by the language of the bond itself. *Hall* v. *State*, 69 Miss. 529 (So. 38).

As to the sixth, seventh and eighth assignments of error: Sixth, the court erred in rendering the decree in

favor of appellee and against defendant, which was at the time excepted to and is now appealed from, because said decree was contrary to the law, the facts and the evidence.

Seventh, the court erred in admitting over objections and exceptions of appellant hearsay testimony, as fully shown and set forth in official stenographer's notes, part of record in this case, and constituting bill of exceptions and here referred to.

Eighth, the court erred in admitting and considering, over appellant's objection, hearsay testimony of alleged admissions of R. S. Dorsey, contrary to the interest of appellant, because neither said Dorsey nor his administrator is a party to this suit nor interested in same, and because said Dorsey did not give said bond as *ex-officio* justice of the peace.

Appellant contends that no evidence should have been admitted as to the acts of Dorsey as *ex-officio* justice of the peace, under the pleadings in the case and because appellant was not surety for the faithful performance of acts as justice of the peace.

If liable at all, the best and only proper evidence of the fact that he tried cases as *ex-officio* justice of the peace was his docket, which was offered in evidence. It appears that the only state cases appearing on this justice of the peace docket are one against Conti in which a fine of five dollars was imposed and the one against— with a fine of one dollar. This is all, if anything, that under the evidence should be recovered from the surety company; for no other cases sued on appear on his docket.

It was not proper over appellant's objection to admit evidence of admissions of collections of money made by Mr. Dorsey, although against his interest and against the interest of appellant, for neither Mr. Dorsey nor his administratrix are being sued nor is before the court. To have made such admission (if made) admissible the ad-

ministratrix should have been made a party defendant
with the surety company. In the case of *Montgomery* v.
*Billingham,* 3 S. & M. 647, the principal and surety were
both made defendants, and it was held "that the admis-
sion of a maker of a joint note is evidence against his
comakers in a suit against 'all,' especially where there
is no severance in pleading," and, so also, "where sev-
eral persons are sued as joint obligors on a bond and a
bill of discovery is filed against one of them and is an-
swered." It is plainly intended that the party making
the admission must also be a party defendant to the suit.
The rule of evidence relied on by appellee in Wigmore on
Evidence, No. 1474, is not inconsistent with this view.

*W. C. Martin, W. C. Bowman* and *Wilmer Shields,* for
appellee.

The first assignment of error recites that "the court
erred in not rendering a decree dismissing the bill of
complaint for the reason that appellee, Adams county,
had no right of action under the official bond of R. S.
Dorsey, as police justice, is not a party thereto, nor a
beneficiary thereunder."

In this assignment of error and throughout the en-
tire brief of counsel for appellant, only one real argu-
ment is made and one point relied on by them and that
is that this bond was given for the purpose only of pro-
tecting the city of Natchez against any shortage by R. S.
Dorsey in the performance of his duties as police justice
proper, and was not intended or given for the purpose of
protecting the county of Adams against any shortage
by him in the performance of his duties as *ex-officio* jus-
tice of the peace for the county of Adams, within the
limits of the city of Natchez. Other assignments of error
are made, but this is the real question involved.

In our judgment, there is no merit to this contention.
Dorsey was duly elected police justice under said char-
ter amendment, and qualified in accordance therewith,

taking the oath of office and entering into bond in the sum of two thousand dollars, for the faithful performance of the duties of said office. Among the duties imposed upon him as police justice, under the provisions of said charter amendment, was that he should have and exercise all the duties of a justice of the peace for the county of Adams, within the limits of the city of Natchez. Adams county did not create the office, and had no part in the provision that he should act as such justice of the peace. Dorsey did not elect to be empowered with the duties of a justice of the peace, in addition to his duties as police justice proper of the city of Natchez, but as an inseparable part of the said charter amendment he was, upon qualifying as a police justice, empowered and obligated to act both as a police justice proper and as an *ex-officio* justice of the peace. He was elected to the office, and these duties were those pertaining thereto. Mechem on Public Officers, No. 285 (1890).

As to the second assignment of error by counsel for appellant: It is argued that because the city of Natchez brought suit on said official bond of R. S. Dorsey at the November Term, 1911, of our circuit court in Adams county, and recovered a judgment against appellant for the sum of three hundred and forty-seven dollars and sixty-eight cents for a shortage of funds belonging to the city of Natchez and collected by him in his official capacity as police justice proper of the city of Natchez, that this is *res judicata* as to the county of Adams, and that appellee is thereby estopped from bringing this suit.

Can it be successfully contended that a cause of action brought by an injured party against sureties on a bond can in any manner interfere with the bringing of another cause of action by another injured party? Is it the law that if there are more than one right of action growing out of a breach of duty by a principal, that only one suit can be maintainable against the surety on his bond, and that if a party who has a right of action doesn't "get in

on the ground floor" and join with the party first bring-
ing the suit, he is forever barred from proceeding against
the bondsmen? This is what appellants, by their attor-
neys, would present as the law. We feel very confident
that there is no merit in this contention.

We now come to the third, fourth and fifth assignments
of error by counsel for appellant, which contain their
real ground of appeal. The substance of these assign-
ments is that in becoming surety for R. S. Dorsey, as po-
lice justice of the city of Natchez, appellant only became
liable to the city of Natchez for default of said Dorsey
while acting in his capacity as police justice proper, and
did not become liable in any manner for the acts or de-
faults of Dorsey while acting as *ex-officio* justice of the
peace of the county of Adams, under said charter amend-
ment.

Counsel state that because the bond says nothing about
the duties of Dorsey as a justice of the peace, the rule
*strictissimi juris* will come to the aid of appellant and
save it as to the claims made in this case, and confine its
liability to the city of Natchez for defaults made by Dor-
sey while acting as police justice proper. We are fa-
miliar with the rule applicable to the construction of
bonds, and know that the surety will not be held for
something he didn't contract for, but apply the rule
*strictissimi juris* as you may, there is no escape for ap-
pellants as we see it. We do not claim that the surety can
be held for something that was not included in the bond,
but we insist that the duty to protect Adams county was
a part of the contract, contained in the bond. *Brown* v.
*State,* 75 Miss. 842; *Valkenberg et al.* v. *Mayor and Al-
dermen of the City of Patterson,* 47 N. J. Law 146; *Town
of Redwood City* v. *Grimmenstein et al; Hall* v. *State,* 69
Miss. 529; *State* v. *Martin,* 56 Miss. 108.

We now pass to the question as to the admissibility
of testimony, or the sixth, seventh and eighth assignments
of error by counsel for appellants.

The. testimony objected to by counsel for appellant as being inadmissible is the admission made by Dorsey to Wilmer Shields, prosecuting attorney for Adams county, and H. L. Ramsey, chief of police of the city of Natchez, to the effect that he had collected the money now involved in this suit from certain parties tried before him, or who plead guilty before him, as fines and costs, while acting in his capacity as justice of the peace of Adams county. The evidence introduced in this case was (1) the docket of Dorsey as justice of the peace, in which only two entries were made by him, one against William Conti, in which a fine of five dollars was imposed and one against——in which a fine of one dollar was imposed, (2) the testimony of a number of persons who had been fined by Dorsey in state cases, while acting in his capacity as *ex-officio* justice of the peace of Adams county, and who had paid to him their fines, and (3) the testimony of Wilmer·Shields and H. L. Ramsey to whom Dorsey had admitted the collection of these various fines.

We know that the first evidence, i. e., the docket of Dorsey was the best evidence, and had he kept this record, it would have been sufficient to have made out our case, but if Dorsey failed to make entries in this docket, and in order to cover up as far as possible his defalcations failed to record his receipts, is there any law by which we cannot produce the next best evidence to show that the money was received by him. Appellee therefore introduced the parties themselves who had paid the money to Dorsey, each giving the offense for which he was arrested and fined, the amount of the fine and the date or manner of payment to Dorsey. There can certainly be no question as to the admissibility of this evidence, and we do not feel that it is necessary to quote authorities on this point.

The law is very plain it seems to us, that admissions against interest are admissible in evidence, and the admissions of Doresy, as testified to by Wilmer Shields and

H. L. Ramsey certainly come under this head. The testimony shows that he had been in conference from time to time with Shields and Ramsey in regard to issuing writs in these cases and other such matters; that with their assistance the writs were issued and affidavits made; that afterwards Dorsey in reporting to Shields and Ramsey the result of the cases, admitted to them the collection of these various fines and costs, and accounted to Mr. Ramsey of certain costs collected in the cases. We cannot conceive of any law that would bar the admission of this testimony. We find in 2 Wigmore on Evidence, No. 1474 a very plain and concise statement covering this question. *State* v. *McKee*, 11 Gill. & J. 378; *Ruby* v. *State*, 55 Md. 484; *Montgomery* v. *Billingham*, 3 S. & M. 647.

We do not contend that the admissions of Dorsey are conclusive evidence, but they only add strength to the other testimony to show very conclusively that he failed to account to the county of Adams of the funds as alleged in the bill of complaint.

We do not think there was any error committed by the chancellor in the admission of the testimony in this case. Judgment was awarded in this case because the testimony abundantly showed that the amount was due and owing to the county of Adams.

J. B. Harris, Special Judge, delivered the opinion of the court.

The charter of the city of Natchez is a special one, and as amended provides for the election of a police justice, who shall be *ex-officio* justice of the peace within the corporate limits of the city. The creation of this office seems to have been by an ordinance amending the charter, but no question was raised in the court below, or raised here, as to the validity of the ordinance creating this office; but for the purpose of this case it is admitted by the parties that the ordinance is valid, and it is not deemed nec-

essary, therefore, for this court to pass upon this question.

The ordinance creating the office and defining its duties provides that the police justice shall give bond in the sum of two thousand dollars for the faithful performance of his duties. In 1910 one R. S. Dorsey was duly and legally elected police justice for a term of two years, beginning on the second day of January, 1911, and executed a bond as required by the charter with the appellant, the United States Fidelity & Guaranty Company, as surety, and entered upon the discharge of the duties of the office, both as police justice and as *ex-officio* justice of the peace. The bond was made payable to the city of Natchez, and recited that Dorsey had been duly elected police justice of the city of Natchez, and was conditioned upon the faithful performance by Dorsey "of the duties of said office." Dorsey died in October, 1911, and it was then ascertained that he had failed to pay over and account for certain fines collected by him as police justice, and also for certain fines collected by him in his capacity as justice of the peace.

The city of Natchez brought suit at law on the bond for the recovery of the fines collected by him as police justice, which were due the city of Natchez. Subsequently the county of Adams filed a bill in the chancery court of Adams county against appellant, seeking to recover the fines and certain costs collected by Dorsey in his capacity as justice of the peace which he had failed to turn over and account for to the county of Adams, as required by law. A list of the specific cases in which these fines and costs were claimed to have been imposed, giving the amounts thereof, was filed as an exhibit to the bill. An answer was filed, and by agreement the evidence was taken orally in open court on the hearing. A decree was rendered in favor of the county of Adams against the appellant for the amount claimed, and from this decree this appeal is prosecuted.

There are several assignments of error, but the under-
lying and fundamental question presented is whether the
bond executed by Dorsey, covering his acts and duties
as justice of the peace, inured to the benefit of the county
of Adams; in other words, were the acts performed by
him as justice of the peace part of the duties of the office
to which he was selected, for the faithful performance of
which the bond was executed? We think this question
must be answered in the affirmative. The functions of the
office of justice of the peace inhered in the office of police
justice by operation of law. They were an inseparable
part of the duties of the office to which he was elected.
They were superimposed upon the other functions of the
office by the provision of the charter creating the office,
and therefore covered by the bond. See *Brown* v. *State,*
75 Miss. 842, 23 South. 422; Mechem on Public Office, sec-
tion 285. The fact that the bond was made payable to
the city and Natchez and not to the county of Adams is
immaterial. See section 1022, Code 1906. This disposes
of the first, third, fourth, and fifth assignments of error.

The second assignment of error is that the suit by the
county of Adams could not be maintained, because a suit
had been brought in the name of the city of Natchez and
a recovery had. We think this assignment of error is
without merit, because it appears that the suit brought
by the city of Natchez was for the recovery of fines and
moneys due to it collected by Dorsey and not turned over
or accounted for by him, and it in no way embraced the
amount due to the county of Adams or covered the de-
linquency of Dorsey to it. The county of Adams was
not a party to the suit, and in no way precluded by the
judgment therein; but the bond being for the benefit of
the county of Adams, as well as for the city of Natchez,
the county had a right to maintain a separate action on
account of the delinquency of Dorsey as to it. While the
bond inures to the benefit of two different parties, the
cause of action is in no sense joint, and the suit by the

city of Natchez in no way affects the right of the county, but maintains a separate action.

It appears from the transcript that some of the records in the cases in which it is claimed in the bill that fines had been collected and not turned over had been lost or destroyed, and the justice of the peace's docket, which was kept separate from the police justice's docket, contained no entries of the imposition of the fines, or the collection of them. The complainant introduced Mr. Shields, the county attorney, who testified that he had personally made out most of the affidavits in the cases, and had actually prosecuted some of them; that it was agreed between himself, Dorsey, and the city marshal that if the parties pleaded guilty they should be fined fifty dollars and costs in each case; and that Dorsey had afterwards reported to him that the parties had pleaded guilty, and that the fines and costs had been paid to him. The city marshal was then introduced, who corroborated Mr. Shields, and stated that Dorsey had also reported to him that he had collected the fines and costs, and had actually paid to him his costs in the case. The complainant then introduced several of the parties who had actually paid the fines, who testified to having paid them and the costs. The defendant moved to exclude the testimony of Shields and the city marshal upon the ground that the testimony was hearsay, and the court overruled its objection—we think properly.

The declarations as testified to were declarations against interest, which are always admissible upon the ground that, being against interest, the declarations are "compelled by truth," to use the language of Wigmore, who in his excellent work on Evidence lays down the rule as being settled that the declarations of a deceased principal debtor against his interest are admissible in a suit against the surety of the bond. See Wigmore on Evidence, section 1472. There was no attempt to contradict this testimony. It was corroborated by the state-

ments of most of the parties who had paid the fines, that they had been actually paid; and we think it justified the chancellor in holding the surety liable. See *Baldridge* v. *Stribling*, 101 Miss. 666, 57 South. 658.

It is insisted in the brief for appellant, but not assigned for error, that no demand had been made, before bringing the suit, on the administratrix of Dorsey's estate. We do not think this necessary as a condition precedent to the bringing of the suit. See 29 Cyc. 1464, 1465. .

It is also insisted that the suit should have been brought in the name of the city of Natchez. This, however, is a proceeding in the chancery court, and is covered by the case of *Patty* v. *Williams*, 71 Miss. 837, 15 South. 43.

We find no error in the rulings of the court below, and the decree, is affirmed.

*Affirmed.*