CITY OF JACKSON *v.* HOWARD.

(Division B.   April 7, 1924.)

[99 So. 497.   No.  23787.]

1. INTOXICATING LIQUORS.  *Only magistrate before whom proper affidavit filed may issue search warrant.*

Under section 2088, Hemingway's Code (Laws of 1908, chapter 115), authorizing the issuance of a search warrant by a justice of the peace, it is only the judge or magistrate before whom the proper affidavit is filed who, after the exercise of his own judgment as to the credibility of the affiant and the sufficiency of the affidavit, may issue a search warrant.

2. SEARCHES AND SEIZURES.  *Clerk of municipal court not authorized to issue search warrant.*

Section 3400, Code of 1906 (section 5930, Hemingway's Code , authorizing the clerk of a municipality to issue process from the municipal court, does not authorize such clerk to issue a search warrant.

APPEAL from circuit court of Hinds county.

HON. W. H. POTTER, Judge.

John Howard was convicted of the unlawful possession of intoxicating liquor, in the police court of the city of Jackson. He appealed to the circuit court, where he was acquitted under a directed verdict. The city now appeals. Affirmed.

*Green & Green* and *T. S. Bratton,* for appellant.

Under the law, there is no property in intoxicating liquors, and its possession constitutes an offense, this being expressly provided by section 1748, Code of 1906, section 2087, Hemingway's Code. Now, the procedure provided for under sections 1748, 1749, and 1751, Code of 1906, is civil as *contra*-distinguished from criminal, and therein is developed a proceedng *in rem,* and provides for the forfeiture of the liquor itself as having constituted both a nuisance and a crime. This statute is, in large measure, similar to one in Arkansas construed in *Kirkland* v. *State,* 65 L. R. A. 79.

The reasoning of this case has been the subject of review in divers other decisions, wherever the law finds a defiance of its mandate by the maintenance of a public nuisance—the existence of that which is detrimental to the world's health, and the general welfare of its citizens, it forthwith abates same in virtue of its inherent sovereignty.

Therefore, this liquor, located upon the premises of John Howard, was a stench in the nostrils of the law, a nuisance of the gravest and most serious character. Wherefore, the law clamored that it be forthwith and immediately abated.

Our court has touched the same principle in *State* v. *Marshall,* 100 Miss. 626, wherein it was held constitutional to authorize the abatement of such a nuisance through the equity court, namely; a civil proceeding.

Again, even proceeding under the *anti*-trust acts, it was held to be civil in *Grenada Lumber Co.* v. *State*, 54 So. 8, since reaffirmed in the Insurance cases, and, with reference to section 23, it was expressly declared: "No question in this case involved section 23 of the Constitution. There is no search or seizure within the meaning of the above section." See, also, *Collotta* v. *State*, 70 So. 461, and *Moss* v. *Summit Company*, 208 Pac. 510, which says: "Then, again, all the courts hold that the proceedings to forfeit automobiles which are used in violation of the provisions of the prohibition law, whether state or federal, are civil in their nature, and are proceedings *in rem*, since the automobile to be forfeited, is treated as the offending thing. *Hoskins* v. *State*, 82 Okla. 200, 200 Pac. 168; *Kirkland* v. *State*, 72 Ark. 171, 78 S. W. 770, 65 L. R. A. 76, 105 Am. St. Rep. 25; 2 Ann. Cas. 242; *U. S.* v. *One Stephens Automobile* (D. C.), 272 Fed. 188. To the same effect is *State* v. *Davis*, 55 Utah 54, 184 Pac. 161.

In *Stewart* v. *State*, 103 N. E. (Ind.) 318, the court said: "It is the contention of appellant that the affidavit and search warrant were fatally defective and conferred no jurisdiction on the court because the affidavit was sworn to before the prosecuting attorney; that this character of proceeding is a civil proceeding; and that a prosecuting attorney cannot administer an oath except 'when convenient and necessary to be administered in the discharge of their official duties.' Burns 1908, sec. 9408.

"That this character of proceedings is governed by the procedure and rules in civil procedure is held in the following cases: *Regadouz* v. *State*, 171 Ind. 393, 86 N. E. 449; *Rose* v. *State*, 171 Ind. 662, 670, 87 N. E. 103; 17 Ann. Cas. 228; *Campbell* v. *State*, 171 Ind. 702, 87 N. E. 212; *Kirkland* v. *State*, 72 Ark. 171, 78 S. W. 770, 65 L. R. A. 76, 105 Am. St. Rep. 25; 2 Ann. Cas. 242, and cases cited.

"The possession of intoxicating liquors for an unlawful purpose is a public offense and it is the ancient pre-

rogative and duty of prosecuting attorneys to proceed not only against the individually responsible agent or actor, but against the thing itself, as the officer of the state where the public is interested.

"It is the contention of appellant that the filing of proper affidavit, the issuing of a proper warrant, the seizure of the property and the posting of the warrants and notice of hearing on the premises, in case no one is in possession claiming it, and the return of the sheriff, are all necessary to confer jurisdiction on the court.

"The contention is too broad as to the posting of the warrant and notice, the purpose of which is to give notice of the seizure; but, when the proper affidavit is filed and proper warrant issued, and seizure and return is made, the property is in custody of the law, and when the statutory notice is given, jurisdiction is in the court to determine as to its statutes. Burns 1908, sec. 8344; *Greentree* v. *Wallace*, 77 Kan. 149, 93 Pac. 598.

"When jurisdiction of the subject-matter is thus obtained, it is not lost by reason of the warrants not having been posted on the premises, and notice of the hearing given as provided by the act, at the immediate time of the seizure. *Commonwealth* v. *Intoxicating Liquors*, 203 Mass. 585, 89 N. E. 918; *Commonwealth* v. *Certain Intoxicating Liquors*, 143 Mass. 470, 8 N. E. 421.''

Therefore, this proceeding, in the case at bar, was civil, *in rem,* and therefore the clerk had power to issue the process because the statute expressly said, who shall issue ''all process'' from the court. In defining ''Process,'' see: 3 Words and Phrases, 2d Series, 1243; 3 Bouvier's Law Dict. 2731; 21 R. C. L. 1261; 24 R. C. L. 702. Therefore, that which deputy city clerk Suggs did was, unquestionably, the valid issuance of a process whereunder officer Ross was lawfully authorized to act.

It is our contention that where a writ issues and can be amended, and the defendant on trial before the justice does not question the validity of the writ as the writ of

the police court, that he thereby, on appeal in another court becomes estopped from questioning the validity of that which he confessed in the police court.

In short, the power to amend appertains to the court wherein the writ was issued. The circuit court has no authority to amend a writ issued by the police court because it did not issue the writ. The amendment must be where the writ was issued and when, as here, *nolo contendere* was the plea, thereby an estoppel arose when the circuit court was reached upon this aspect.

Now, there can be no dispute that Suggs was deputy clerk, vested with power as such; and, furthermore, it does not affirmatively appear that Penix did not give to Suggs just as full authority as was granted to Hiram Creekmore, deputy clerk in *Wymberly* v. *Boland,* 72 Miss. 243, and yet, it is sought, in this case, to quash where the writ has proven that it was properly issued by bringing home the liquor, and abating the nuisance.

This liquor was brought before the court in virtue of this writ, and it having been a nuisance that the law required should be abated, was abated, and there was no necessity to amend because the writ had served its purpose, and had brought the nuisance to an end by bringing it judicially before the court. Now, under section 1949, there is no pretense that there was not a proper occasion for the issuance of this warrant.

Furthermore, under section 3400 of the Code, as amended by the Laws of 1910, section 205, it is expressly held: "The clerk of the municipality shall be clerk of the police court unless the mayor and board of aldermen shall otherwise elect, etc. This section expressly provides the police judge with a clerk, and it would be a meaningless ceremony to have a clerk who did not possess those powers that are requisite in the premises, and a clerk is authorized to perform official duties imposed on him by law, subject to control of the court. 11 C. J. 884; 32 Cyc. 426; 45 So. 47; *People* v. *Nevins,* 1 Hill (N. Y.) 154; *Gorr* v. *Port Jervis,* 57 N. Y. App. Div.

122; *Philadelphia* v. *Campbell,* 11 Pa. 163, 11 C. J. 911.

Thus, with the power in the premises prescribed by section 3400, there can be no question but that Suggs was fully authorized to issue this writ, as he did issue it.

Section 23 of the constitution has to do with protecting against searches and seizures, but it never was designed as an instrumentality whereby a nuisance could be continued, or crime encouraged. The fundamental disregard of the circuit court was a failure to differentiate between the right of protection against searches and seizures, and the right to maintain a nuisance in defiance of law upon the premises.

The circuit court held that the search warrant on its face was invalid. If the search warrant was not such a process as the clerk could issue without an order from the police justice, still before it could be declared invalid, the fact that it was issued without an order from the police justice must first be proven, for upon the order of the justice the clerk could have issued the warrant.

*Geo. S. Hamilton,* for appellee.

The question presented to this court for determination is the validity of the search warrant. That search cannot be made lawfully without the valid search warrant is well settled in this state. *Miller* v. *State,* 93 So. 2; *Butler* v. *State,* 93 So. 3; *United States Fidelity & Guaranty Company* v. *State,* 121 Miss. 369, 83 So. 610.

"A justice of the peace or magistrate is the proper officer at common law to issue a search warrant." 35 Cyc. 1266; 24 R. C. L. under Searches and Seizures, sec. 8; secs. 1331, 1332, 623, 1303 and 2088 of Hemingway's Code. The forms themselves show upon their face that the proceedings contemplated are before a justice of the peace.

In this state the procedure to be followed in obtaining a search warrant is prescribed by the statutes, and these statutes must be strictly construed. The recitals contained in the affidavit for the search warrant and in the

search warrant itself indicate that the proceedings were before the police justice, *ex-officio* justice of the peace, acting by and through the deputy clerk Suggs. But manifestly a police justice or justice of the peace cannot act by and through another any more than any other judge can so act. Such authority or power cannot be delegated.

Counsel for appellant argues that under the authority to issue process there is implied the authority to act with reference to search warrants. But the clerks of other courts have no such authority to so act. The authority to issue process relates to ministerial duties and powers. *States* v. *Boasberg* (1922), 283 Fed. 305, 27 A. L. R. 710, note.

But the one outstanding and controlling reason why the clerk cannot act in the premises is because the determination of "probable cause" is a judicial question which must be acted upon by a judicial officer. *Wyoming* v. *Peterson,* 13 A. L. R. 1284.

There are some valuable cases collected in the American Law Reports relating to the subject-matter now before this court, and I respectfully refer the court to them, as follows: *State of Wyoming* v. *Peterson,* 13 A. L. R. 1284, especially at page 1293 et seq.; *Youman* v. *Commonwealth of Kentucky,* 13 A. L. R. 1303, especially at pages 1306, 1307 and 1308; *Hoyer* v. *State of Wisconsin,* 27 A. L. R. 673; *State of West Virginia* v. *Kees,* 27 A. L. R. 681.

Argued orally by *Garner W. Green,* for appellant.

COOK, J., delivered the opinion of the court.

The appellee, John Howard, was convicted in the police court of Jackson, Miss., on an affidavit charging him with having intoxicating liquor in his possession, in violation of a city ordinance, and appealed to the circuit court. At the trial in the circuit court he objected to the introduction of the evidence against him on the ground that the search warrant under which his house had been searched and certain liquor seized was illegal

and void, and consequently the evidence so secured was inadmissible against him.  The court sustained the objection to this evidence and granted the appellee an instruction directing a verdict of not guilty, and from the judgment entered in pursuance of this instruction, the city prosecuted this appeal.

The testimony which was offered against the appellee, and excluded by the court, was secured by means of a search warrant issued by a deputy city clerk, the affidavit and search warrant being signed, ''J. H. Pennix, Police Justice and *Ex Officio* Justice of the Peace, by L. E. Suggs, Deputy Clerk,'' and the question presented for decision is whether or not a valid search warrant may be issued by a city clerk.

Section 23 of the state Constitution reads as follows:

''The people shall be secure in their persons, houses, and possessions, from unreasonable seizure or search; and no warrant shall be issued without probable cause, supported by oath or affirmation, specially designating the place to be searched and the person or thing to be seized.''

Section 2088, Hemingway's Code (Laws of 1908, c. 115), provides that:

''Upon the affidavit of any credible person that he has reason to believe and does believe that any intoxicating liquors, . . . are being kept or offered for sale or barter, . . . it shall be the duty of any justice of the peace of the county in which the place is situated to issue a search warrant,'' etc.

In the case of *Loeb* v. *State* (Miss.), 98 So. 449, in considering the constitutionality of this Code section which authorizes the issuance of search warrants upon the affidavit of any credible person, this court held that the finding of probable cause for the issuance of a search warrant was a judicial question, and that this statute should be given a construction that will enable the justice of the peace to pass judicially upon the credibility of the person making the affidavit, the court there say-

ing that—''This view will harmonize with the constitutional purpose of securing the peace and enjoyment of persons, homes, and property from unreasonable seizure or search, and to so construe the statute it will be clearly constitutional.''

Under section 3400, Code of 1906 (section 5930, Hemingway's Code), the clerk of a municipality has authority to issue process from the municipal or police court, but this is a mere ministerial duty or power, and does not authorize such clerk to exercise the judicial function involved in the determination of the question of existence of probable cause for the issuance of a search warrant. Section 2088, Hemingway's Code, authorizes the issuance of search warrants by justices of the peace, and it is only the judge or magistrate before whom the proper affidavit is filed who, after the exercise of his own judgment as to the credibility of the affiant and the sufficiency of the affidavit, may issue a search warrant. In the case at bar the affidavit for a search warrant was made before a deputy city clerk, and the search warrant issued by such deputy, and for that reason was invalid, and consequently the evidence secured thereby was properly excluded. *Tucker* v. *State,* 128 Miss. 211, 90 So. 845, 24 A. L. R. 1377; *Owens* v. *State* (Miss.), 98 So. 233; *Smith* v. *State* (Miss.), 98 So. 344.

*Affirmed.*