PALMER *v.* CITY OF LUMBERTON.[*]

(Division B.   May 6, 1929.)

[122 So. 199.   No. 27873.]

*Broadus & Broadus,* for appellant.

*Jno. A. Yeager,* for appellee.

ETHRIDGE, P. J. The appellant was convicted in the court of the police justice of the city of Lumberton, for having intoxicating liquor in his possession, and from that conviction appealed to the circuit court, where he was again tried and convicted; from which judgment he appeals to this court.

The evidence upon which he was convicted was obtained by means of a search made under an affidavit and search warrant, the affidavit being taken before the mayor, and the search warrant issued by him. When this evidence was offered by the prosecution, the defendant objected upon the ground that the mayor had no power, authority, or jurisdiction to issue a search warrant, and for that reason it was illegal. The city of Lumberton had a police justice elected and qualified under an ordinance of the city, authorized by section 6943, Hemingway's Code of 1927 (section 3399, Code of 1906),

which reads as follows: "In cities having less than seven thousand inhabitants, the mayor and board of aldermen may elect, at the time provided for the election of other officers by them, a police justice, and, when necessary, may elect a police justice *pro tempore;* and in all towns, villages and other municipalities where a police justice is not elected, the mayor, or mayor *pro tempore,* shall be the police justice; and in either case the police justice shall be *ex officio* a justice of the peace in and for the corporate limits."

The proof for the state showed that at the time the search warrant was issued the police justice had been elected, had qualified, and was discharging his duties as such. There was no proof whatever that the mayor was a police justice *pro tempore,* but, on the contrary there was proof that the regular police justice was acting as such at that time.

By section 2238, Hemingway's 1927 Code (section 1 of chapter 244 of the Laws of 1924), a justice of the peace is authorized, upon the making of an affidavit provided for in said section and chapter, to issue a search warrant, and does not confer upon the mayor, as such, any such power. The power to issue a search warrant is a judicial power, and must be conferred by the statute upon the mayor where he is authorized to issue it—and in such case he does not issue it in his capacity as mayor, but as *ex officio* justice of the peace. Under the facts disclosed by this record, the mayor was not an *ex officio* justice of the peace, and technically had no authority to issue the search warrant.

We held in the case of *City of Jackson* v. *Howard,* 135 Miss. 102, 99 So. 497, that a clerk of the city police court had no authority to issue a search warrant, and that evidence obtained under a search warrant issued by him was illegal, and inadmissible in evidence. It follows that the court erred in admitting the evidence obtained under

the said search warrant, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*