HATHAWAY v. STATE.

(Division A. April 8, 1940. Suggestion of Error Overruled April 22, 1940.)

[195 So. 323. No. 34054.]

McFarland & Holmes, of Aberdeen, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for appellee.

Argued orally by **W. D. Conn, Jr.**, for the appellee.

**Griffith, J.**, delivered the opinion of the court.

The Town of Nettleton is on the line between Lee and Monroe Counties, a part of the municipality being in each county. At the time here in question the mayor of the town, who by statute is ex officio a justice of the peace therein, was a resident of that part of the town which lies in Lee County, and was and had been for more than five years an elector of Lee County. An affidavit for a search warrant for intoxicating liquors, regular in form and contents, was made before the Mayor as ex officio justice of the peace for the search of the premises of appellant, located in Monroe County and outside the municipal limits of the town; and the mayor, acting as ex officio justice of the peace and being at the time within the mu-

nicipal limits of the town, issued the warrant as prayed, addressed to any lawful officer of Monroe County, and returnable before the proper district justice of the peace in Monroe County. The warrant was executed by lawful officers of Monroe County, and as a result a quantity of intoxicating liquor was found in appellant's possession, for which, on the evidence procured during the search, he was subsequently convicted.

The point here made by appellant is that the mayor being a resident and an elector of Lee County, although acting as ex officio justice of the peace and being at the time within the limits of the municipality, could not issue a search warrant, to be executed in Monroe County, beyond the limits of the municipality.

The statute making the mayor of a town an ex officio justice of the peace therein derives its authority from Sec. 172, Constitution 1890—the section which allows the establishment of inferior courts. Bell v. McKinney, 63 Miss. 187. Section 171 of the Constitution deals exclusively with district justices of the peace and is not involved in the matter of justices of the peace who are such in virtue of their offices as mayors of town and villages. Hughes v. State, 79 Miss. 77, 29 So. 786.

In Smith v. Jones, 65 Miss. 276, 3 So. 740, it was held that a mayor, as ex officio justice of the peace, could validly issue writs to run beyond the limits of his municipality and to any part of the county in cases where a district justice of the peace was so authorized, and to the same effect is Nickles v. Kendricks, 73 Miss. 711, 19 So. 582.

When a town is located partly in two counties, the county line running through the municipality, the mayor is nevertheless the mayor of the entire town and in consequence is an ex officio justice of the peace throughout the entire limits of the municipality, including that part in one county as well as the other; and being so, it follows that he is a justice of the peace ex officio of both counties—not as having any foundation for his authority in

Section 171 Constitution, but in Section 172 thereof—and being a justice of the peace of both counties, he has authority, while acting within the municipality, to issue a search warrant, under Section 1975, Code 1930, to be executed in any part of either one of the two counties. Compare Reynolds v. State, 136 Miss. 329, 101 So. 485; Conwill v. State, 147 Miss. 118, 112 So. 868.

Affirmed.