SIMMONS *v.* TOWN OF LOUIN.

Mar. 3, 1952.

No. 38336 (57 So. (2d) 133)

(482)

R. S. Tullos and J. D. Martin, for appellant.

Geo. H. Ethridge, Assistant Attorney General, for appellee.

Will S. Wells and Stennett & Stennett, for appellant in reply.

Kyle, J.

The appellant, Arthur Simmons, was tried and convicted in the Mayor's Court of the Town of Louin of the unlawful possession of intoxicating liquor and was sentenced to pay a fine of $100 and costs. From that judgment he prosecuted an appeal to the Circuit Court of Jasper County, where he was again tried and convicted and was sentenced to pay a fine of $100 and to serve thirty days in jail, fifteen days of the jail sentence being suspended during good behavior.

The affidavit for the search warrant was made on August 12, 1950, by W. P. Tally, Marshal of the Town of Louin, before M. E. Long, Mayor of the Town of Louin,

and the search warrant was issued by M. E. Long, Mayor of the Town of Louin, on the same day, and was directed to any lawful officer of the Town of Louin. The search warrant authorized a search of the dwelling house, out-houses and premises of the appellant in the Town of Louin, and was made returnable before the mayor on August 14, 1950. The written return endorsed on the search warrant shows that it was executed by R. C. Alexander, Sheriff of Jasper County, on the day that it was issued.

The marshal testified that he had requested the sheriff to assist him in executing the search warrant and that the sheriff had agreed to do so.

After the search warrant was issued, the marshal delivered the search warrant to the sheriff to be served by him upon the appellant; and the marshal, the sheriff and two deputies, and a constable proceeded to the dwelling house of the appellant for the purpose of making the search. When the officers arrived at the dwelling house of the appellant the appellant closed and locked the front door, and the officers found it necessary to break and enter the dwelling house through a side door. After they had effected an entrance into the house the sheriff served a copy of the search warrant on the appellant. The marshal was present when the search warrant was served. While the officers were effecting an entrance into the house, they heard the sound of bottles being broken in the bathroom, and after gaining entrance into the bathroom the officers found pieces of broken bottles on the floor and two empty whiskey bottles in the stove and a strong odor of whiskey; and the marshal testified that the floor of the bathroom was wet with whiskey. According to the officers' testimony there was ample evidence to show that several bottles of whiskey had been broken as the officers forced their way into the building.

The affidavit upon which the appellant was tried was made by the marshal before M. E. Long, Mayor, on August

25, 1950, and the trial in the Mayor's Court took place several weeks later.

The appellant's attorneys argue three points on this appeal: (1) That the search warrant under which the evidence was procured was void for the reason that the search warrant was issued by M. E. Long as Mayor of the Town of Louin and not as ex officio justice of the peace; (2) that the service of the search warrant by the sheriff was void for the reason that the search warrant was directed to any lawful officer of the Town of Louin; and (3) that the Town of Louin failed to make proper proof of the ordinance making all offenses under the penal laws of the State, amounting to a misdemeanor, offenses against the Town of Louin.

In support of their first contention the appellant's attorneys argue that M. E. Long, the mayor, had no authority to issue the search warrant, as mayor, since mayors are not mentioned in Section 2614, Code of 1942, and that the court cannot assume that the mayor, in issuing the search warrant, was acting in the capacity of an ex officio justice of the peace.

The powers of the mayor as a police justice are prescribed in Section 103 of Chapter 491, Laws of 1950, which provides that there shall be a police court in all municipalities of the State. The statute further provides that in all municipalities having a population of ten thousand or more according to the latest available federal census there shall be a police justice; and that in any municipality having a population of less than ten thousand it shall be discretionary with the governing authorities of the municipality as to whether a police justice shall be appointed. The statute then provides that in all municipalities where a police justice is not appointed, the mayor, or mayor pro tempore, shall be the police justice, and shall exercise all the powers and discharge all the duties of the police justice.

And the statute provides that the police justice shall also be ex officio justice of the peace in all cases arising

within the corporate limits of the municipality, and shall discharge the duties thereof.

The Town of Louin is a town which according to the latest available federal census has a population of less than one thousand. It can be readily seen that the statute does not create a separate office of police justice for a town of that size; and there is nothing in the record that we now have before us to indicate that the governing authorities of the municipality have elected to create such office or to appoint a police justice. The mayor is therefore by virtue of his office as mayor the police justice of the municipality and ex officio justice of the peace in all cases arising within the corporate limits of the municipality, and is charged with the duties of the office.

Section 2614, Code of 1942, provides that "Upon the affidavit of any credible person that he has reason to believe and does believe * * * that intoxicating liquor is being stored, kept, owned, controlled, or possessed at any designated place * * * it shall be the duty of any justice of the peace of the county * * * to issue a search warrant, directed to the sheriff or any constable of the county, or if in a municipality, to the sheriff or any constable or marshal or policeman therein, commanding him to proceed in the day or night time, to enter by breaking if necessary, and to diligently search any building * * * designated in the affidavit, and to seize said intoxicating liquor * * * and to hold the same until disposed of by law, and to arrest the person, or persons in possession and control of the same."

 The mayor of the Town of Louin was police justice of the town and ex officio justice of the peace of the county, and by virtue of his office had the same power and authority to issue a search warrant as any other justice of the peace of the county had. Falkner v. State, 134 Miss. 101, 98 So. 345; Hathaway v. State, 188 Miss. 403, 195 So. 323.

In discussing the nature of the duties imposed upon the mayor of a municipality as ex officio justice of the

peace, this court, in the case of Brown v. State, 75 Miss. 842, 23 So. 422, 423, said: ''The functions of that office are imposed by legislative will upon mayors of cities and towns. They are superimposed upon other functions of like character already possessed, and without regard to the wish of mayoralty incumbents; * * *.''

In the case of United States Fidelity and Guaranty Company v. Adams County, 105 Miss. 675, 63 So. 192, 193, the court had before it the question of liability of the surety on the official bond of a police justice of the City of Natchez, who was an ex officio justice of the peace; and in its opinion the court said: ''The functions of the office of justice of the peace inhered in the office of police justice by operation of law. They were an inseparable part of the duties of the office to which he was elected. They were superimposed upon the other functions of the office by the provision of the charter creating the office, and therefore covered by the bond.

The appellant cites in support of his contention that the mayor had no authority to issue the search warrant the case of Palmer v. City of Lumberton, 153 Miss. 886, 122 So. 199, and the case of Washington v. State, 93 Miss. 270, 46 So. 539. But neither of these cases has any application to the facts presented by the record that we now have before us. In the case of Palmer v. City of Lumberton the proof showed that at the time the search warrant was issued by the mayor the City of Lumberton had a duly elected, qualified and acting police justice; and the court held that under the facts disclosed by the record the mayor was not an ex officio justice of the peace and technically had no authority to issue the search warrant. In the case of Washington v. State, supra, the defendant had been tried in the mayor's court upon an affidavit made before the clerk charging an offense committed ''against the peace and dignity of the state of Mississippi.'' The Court held that the record was so confused that it could not be determined whether the defendant had been convicted by the police justice of

violating a municipal ordinance or by an ex officio justice of the peace of violating a state law, and that the proceeding should be dismissed on that account. But we have no such confusion in the record that we now have before us. The affidavit filed against the appellant several days after the evidence had been procured under the search warrant charged him with a violation of a municipal ordinance. The appellant was tried in the mayor's court on that affidavit, and the record is clear that he was convicted of an offense against the Town of Louin.

The appellant says, however, that even though Long, the mayor, had a right to issue a search warrant as an ex officio justice of the peace, the search warrant in this case was void for the reason that it was signed by Long only as mayor and not as mayor and ex officio justice of the peace. This contention finds no support, however, in the decisions of our own court or in the decisions of the courts of other states, so far as we have been able to learn from an examination of the cases.

In 51 C. J. S., page 15, under the title "Justices of the Peace", Section 3, it is said: "It is not necessary, in order to give validity to his acts as an ex officio justice, that the officer, so acting, add the title of 'justice of the peace' or 'ex officio justice of the peace' to his official signature; and, where a justice of the peace is not required to have a seal, it is not necessary that the ex officio justice have a seal or authenticate his acts under seal."

In the case of Coleman v. State, 63 Ala. 93, the court held that to give validity to the official acts of a notary public as a justice of the peace, when he has the power of a justice of the peace, it is not necessary, though it would be proper, that he should add to his signature the words "ex officio justice of the peace", or other equivalent words. And in the later case of Bryant v. State, 28 Ala. App. 363, 184 So. 288, the court held that, under a statute giving a notary public within the precinct or ward of his appointment all the jurisdiction and powers of

a justice of the peace, a notary public and ex officio justice of the peace is vested with the jurisdiction of a justice of the peace, and to give validity to his acts as magistrate, it is not necessary that a notary add the title of "justice of the peace" or "ex officio justice of the peace" to his official signature as notary public.

In the case of Welles v. Cole, 6 Grat., Va., 645, the court held that where a deed was acknowledged before two aldermen of the City of New York and their certificate described them as aldermen, but did not describe them as justice of the peace, the acknowledgment was valid and the deed was properly admitted to record.

In the case of President and Fellows of Middlebury College v. Cheney, 1 Vt. 336, 350, an acknowledgment to a deed was taken before Royal Tyler as Judge of the Supreme Court, and the deed was objected to because he did not take the acknowledgment as justice of the peace. The deed was held to be sufficiently acknowledged, the court saying: "The constitution of this state makes every Judge of the Supreme Court, ex officio, justice of the peace, throughout the state. Possibly the better course for them would be, to sign in that capacity in which they act. But, when such a Judge does an act which should be done as justice of the peace, and he signs as Judge of the Supreme Court, that, ex vi termini, carries with it justice of the peace also." And in a later case of Russell v. Lund, 114 Vt. 16, 39 A. (2d) 337, 339, the court said: "The same provision of our Constitution, Chap. II, Section 28, provides that the several judges of the county courts shall be justices of the peace in their respective counties, by virtue of their office, except in the trial of such causes as may be appealed to the county court. Consequently when an assistant judge of the county court does an act in his county which should be done as justice of the peace, and he signs as assistant judge of the county court, that likewise carries with it justice of the peace also, except in the trial of such causes as may be appealed to the county court."

 The mayor of the Town of Louin, by virtue of his office as police justice and as ex officio justice of the peace, had the power as an ex officio justice of the peace to issue the search warrant. And we think that it was not necessary in order to give validity to his act in issuing the search warrant that he add the title of "ex officio justice of the peace" to his official signature as mayor.

 We also think that the search warrant was legally served upon the appellant. The search warrant was directed to any lawful officer of the Town of Louin. The marshal, when he received the search warrant, by the terms of the statute and the warrant itself, had a right to summons such aid as in his judgment was needed to execute the search warrant, and to call upon the sheriff to assist him in executing the warrant. The marshal was present when the sheriff delivered a copy of the search warrant to the appellant. This constituted a valid service of the warrant upon the appellant and either of the officers could have made a valid return on the warrant.

We think that the testimony of the municipal clerk and the mayor was sufficient to identify the ordinance book of the Town of Louin, and to make the ordinance declaring all offenses under the penal laws of the State, amounting to a misdemeanor, offenses against the municipality, a part of the record in the trial. Through inadvertence of the court reporter the ordinance itself was not copied into the record which was certified to this court. However Section 78, of Chapter 491, Laws of 1950, which became effective July 1, 1950, expressly provides that "all offenses under the penal laws of this state which are misdemeanors are hereby made, without further action of the municipal authorities, criminal offenses against the city, town or village in whose corporate limits the offenses may have been committed to the same effect as though such offenses were made offenses against the city, town or village by separate ordinance in each case," and in view of the provisions of the above men-

tioned statute it appears that it was not necessary that the ordinance be introduced in evidence.

We find no reversible error in the record and the judgment of the lower court is affirmed.

Affirmed.

**Hall, Lee, Arrington** and **Ethridge, JJ.**, concur.