### Hughes *v.* State.

(Division B.   June 7, 1937.)

[174 So. 557.   No. 32815.]

Frank F. Mize, of Forest, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Griffith, J.,** delivered the opinion of the court.

The appellant was convicted of the unlawful sale of intoxicating liquor. So far as the facts are concerned, the case is simply one of conflicting evidence which it was the province of the jury to decide.

It was shown that about two years ago the defendant was convicted on a plea of guilty of the unlawful possession of intoxicating liquor. In the opening argu-

ment the county attorney used the following language: "Why did this defendant stop there and why did these boys Lee and Boyd, stop there? Because they knew the defendant and he was a known bootlegger." To this language the defendant's attorney objected and the court sustained the objection, and the court said: "There is no evidence in the record to sustain that argument." The court did not, however, other than by the language last quoted, direct the jury to disregard the argument, nor did defendant's attorney request such express and direct instruction to the jury, but moved for a mistrial, which was overruled.

The rules of practice in respect to improper argument are discussed at some length in Brush v. Laurendine, 168 Miss. 7, 150 So. 818. We cannot say with confidence that, by the ruling and remark of the trial judge in this case, the jury was not thereby sufficiently admonished that they were to disregard the quoted argument. The language used by the court was positive and was sufficient to raise the presumption that the jury understood that the trial court disapproved of the argument, and that the jury would not let such argument operate in opposition to the ruling of the court. Dabbs v. Richardson, 137 Miss. 789, 807, 102 So. 769.

Affirmed.