# BALL *v.* STATE.

(In Banc.   June 14, 1948.   Suggestion of Error Overruled Sept. 27, 1948.)

[36 So. (2d) 159.   No. 36822.]

522

[36 So. (2d) 797. No. 36822.]

Martin & Farr, of Prentiss, for appellant.

**Greek L. Rice**, Attorney General, by **Geo. H. Ethridge**, Assistant Attorney General, for appellee. .

**McGehee, J.**, delivered the opinion of the court.

Section 8174, Code of 1942, makes it unlawful and punishable for any person "who is under the influence of intoxicating liquor" to drive any vehicle within this State, the punishment therefor to be by imprisonment for not less than ten days nor more than one year, or by a fine of not less than $100 nor more than $1,000, or by both such fine and imprisonment.

The appellant was convicted under this statute before a justice of the peace and was ordered to pay a fine of $100 and all costs. He paid said fine and costs, but then appealed the case to the circuit court. He evidently decided to take such appeal, after having paid the said fine and costs, for the reason that the statute involved

also contains a provision to the effect that "the Commission (Commissioner of Public Safety) shall revoke the operator's or chauffeur's license of any person convicted under any of the provisions of this section."

The Circuit court, at a former term, dismissed the appeal on the ground that the case had become moot, and there was then an appeal to this Court, where the cause was reversed and remanded for a new trial. Ball v. State, 202 Miss. 405, 32 So. (2d) 195.

After remand, the defendant was tried and convicted in the circuit court under the affidavit which charged that he "unlawfully and wilfully did operate a motor vehicle on one of the public highways of Jefferson Davis County, Mississippi, to-wit: Highway 84, along there where said highway passes through the Town of Prentiss, Mississippi, at a point on said highway between the courthouse and Garraway Hardware Store, while said defendant was then and there under the influence of intoxicating liquor . . ."

The proof discloses that the officers while parked in a car at the scene, had observed the defendant as his car pulled out on the normal line of traffic, came by their car at a pretty fast speed and pulled in at the street corner to let someone out of the car, and then "in a hurried and speedy manner whipped (back) into the normal line of traffic right ahead of two cars" coming down the said Highway 84.

These officers further testified as to the danger that would have been created for the other two cars if they had not had good brakes, and as to the unusual manner in which the defendant was driving; and they stopped the defendant along the next block of the street and found that he was drunk,—that he was staggering and unsteady in his walk when he got out of his car. They arrested him for a misdemeanor committed in their presence, search his automobile without a warrant, found no intoxicating liquor therein but smelled the odor of liquor on his breath.

The fact that officers had no search warrant becomes immaterial for the reason that the prosecution was not based on any evidence discovered by reason of the search of the automobile, but on what they had observed thereto in regard to his condition while driving it.

But, there are two other alleged errors assigned for reversal. First, it is argued that the tial court was in error in refusing the following instruction requested by the defendant: "The court instructs the jury for the defendant that the statute does not condemn every person who takes a drink of liquor and immediately thereafter drives an automobile on a highway, but that before you can convict the defendant you must believe beyond every reasonable doubt that the defendant was at the time under the influence of intoxicating liquor to the extent that his driving the automobile created a situation of danger on the highway." And, second, it is argued that there was error in the granting of an instruction in favor of the State to the effect that if the jury believed from the evidence beyond a reasonable doubt that the defendant drove a motor vehicle "on State Highway 84 in the Town of Prentiss, Mississippi, at a time when he, . . . was under the influence of intoxicating liquor *as charged in the affidavit in this case,* then it is your sworn duty to find the defendant guilty as charged . . ." (Emphasis ours.)

The appellant cites the cases of State v. Andrews, 108 Conn. 209, 142 A. 840; State v. Graham, 176 Minn. 164, 222 N. W. 909, and Lockhart v. State, 108 Tex. Cr. R. 597, 1 S. W. (2d) 894, in support of his argument that the instruction first above mentioned should have been granted. However, we deem it unnecessary to pass upon the correctness of this instruction, since its refusal was harmless error, if error at all, since the proof in the instant case is wholly undisputed that the defendant was drunk and staggering when he got out of his car, immediately following the driving complained of.

As to the second proposition, wherein it was complained that the instruction for the State contained the words "as charged in the affidavit in the case," it is to be conceded that this Court has condemned instructions which would require the jury to go to the pleadings, affidavit or indictment to ascertain what the charge may consist of, but we think that this instruction, on its face, sets out the essential elements and material substance of the charge contained in the affidavit, and that even though the quoted language should have been omitted therefrom, it was mere surplusage for the reason above stated, and the granting of the instruction, as written, does not therefore constitute reversible error under the facts in this case, because there is no dispute of the fact that the defendant was guilty as charged in the affidavit, since he did not testify as a witness or otherwise offer evidence to deny the positive testimony of the officers in that behalf.

It should be further said, however, in regard to the complaint that the officers had no right to pursue the defendant and stop him, that they had good and probable cause for believing, and evidently did believe in good faith, that when the defendant passed them he was driving while under the influence of intoxicating liquor since a driver of a motor vehicle who is not under the influence of intoxicants does not ordinarily drive in the manner testified about along the busiest section of the main street of a municipality such as the one through which the defendant was then passing.

We are therefore of the opinion that the verdict, judgment and sentence rendered and imposed by the tial court was correct, and that the same should be affirmed.

Affirmed.

**Montgomery, J.,** delivered the opinion of the court on suggestion of error.

We have carefully examined and considered the grounds contained in the suggestion of errors filed in this Court on June 29, 1948. We find it contains no merit and it is overruled.

After the expiration of the time for filing suggestion of errors, without any permission, and in violation of Rule 14 of this Court, appellant attempted to file a second suggestion of errors. It is lawfully no part of the record. The Court cannot examine or consider it. Accordingly it is stricken from the record.

Overruled.