SYKES *v.* CITY OF CRYSTAL SPRINGS.

Dec. 8, 1952

No. 38548          11 Adv. S. 30          61 So. 2d 387

*W. M. Broome,* for appellant.

20

*John T. Armstrong,* for appellee.

ETHRIDGE, J.

Appellant, Frank Sykes, was convicted in the municipal or mayor's court of the City of Crystal Springs, and on appeal by trial de novo in the Circuit Court of Copiah County, of exhibiting a deadly weapon in the presence of three or more persons in a rude, angry and threatening manner not in necessary self-defense, under Code of 1942, Sec. 2086. That statute provides:

"If any such person, having or carrying any dirk, dirk-knife, sword, sword-cane, or any deadly weapon, or other weapon the carrying of which concealed is prohibited, shall, in the presence of three or more persons, exhibit the same in a rude, angry, or threatening manner; not in necessary self-defense, or shall in any manner unlawfully use the same in any fight or quarrel, the person so offending, upon conviction thereof, shall be fined in a sum not exceeding five hundred dollars or be imprisoned in the county jail not exceeding three months, or both. In prosecutions under this section it shall not be necessary for the affidavit or indictment to aver, nor for the state to prove on the trial, that any gun, pistol, or other firearm was charged, loaded, or in condition to be discharged."

We will not detail the facts, but the record amply supports the conviction. Appellant was not entitled to a directed verdict, nor was the conviction against the great weight of the evidence.

Appellant also complains that the trial court erred in admitting into the record certain evidence concerning a fight which appellant had with his brother, Ray Sykes,

at appellant's home a short time prior to the acts for which he was convicted. Also, after the fight at appellant's home, and after Ray had left, appellant took his shotgun and drove to the home of Mrs. Farmer. Ray was standing on the yard in front of that place, and the state's testimony was to the effect that appellant pointed his gun at Ray, threatened to kill him, and cursed him. Appellant then got in his car, drove to town, and directed two police officers to follow him back to the house. Appellant returned to the front of Mrs. Farmer's house within five to ten minutes after he was originally there. Appellant then again exhibited his loaded shotgun which was cocked and ready to shoot, pointed it toward the house where two ladies were standing, and cursed Ray who was then in Mrs. Farmer's house, unarmed according to the state's witnesses, in the presence of at least four persons, the two officers, Mrs. Farmer and Mrs. Courtney.

We do not think that it was error for the trial court to admit into evidence the testimony concerning the fight at appellant's house and the initial appearance of appellant in front of Mrs. Farmer's house. But appellant can not complain of this, even if such evidence were inadmissible. At the beginning of the state's case, City Marshal Ferguson was on the stand, and appellant's attorney stated to the court "we don't object to going into what transpired before this alleged offense if the court will permit us to go into it." Subsequently, this first witness of the state was cross-examined by appellant's attorney concerning the earlier fight, and on other occasions witnesses were cross-examined by appellant concerning the earlier fight and his previous appearance at Mrs. Farmer's house. On direct examination of appellant's witnesses, including appellant himself, these same facts were brought out by appellant's attorney. Hence appellant waived objections, if any, to this evidence. Moreover, all of these events constituted a closely connected chain of events, both in sequence and in time,

which served to throw light on the conduct of appellant at the Farmer house. As such, this evidence was relevant and of appreciable probative value. Carr v. State, 175 Miss. 102, 166 So. 363 (1936); Clarke v. State, 181 Miss. 455, 180 So. 602 (1938); Massey v. State, 19 So. 2d 476 (Miss. 1944); Musselwhite v. State, 212 Miss. 516, 54 So. 2d 911 (1951).

It was not necessary for the city to introduce in evidence a certified copy of the city ordinance making all offenses under the penal laws of Mississippi which are misdemeanors, criminal offenses against the city within whose corporate limits the offense was committed. Miss. Laws 1950, Chap. 471, Sec. 78, being Code of 1942, 1950 Supp., Sec. 3374-78, changed that earlier requirement and provided that all offenses ''under the penal laws of this state which are misdemeanors are hereby made, without further action of the municipal authorities, criminal offenses against the city . . .'' Simmons v. Town of Louin, 213 Miss. 482, 57 So. 2d 133 (1952).

Appellant also complains about the instruction given the city by the circuit court which undertakes to define reasonable doubt. This instruction is in substantially the same terminology of that criticized in Jones v. State, 130 Miss. 703, 94 So. 851 (1922). The court has criticized this instruction in a number of cases, but has declined to reverse because of it, since it was either curbed by other instructions or was not prejudicial. Davis v. State, 170 Miss. 78, 154 So. 304 (1934). It should not have been given, and in a close case might constitute grounds for reversal. But here appellant's guilt is amply established by the evidence. And other instructions granted appellant as well as the state, when taken together, cure any possibly misleading aspect of this instruction. Moreover, its first part is simply a statement of a theoretical proposition, and its last part perhaps serves to cure the rest of it.

Appellant argues that the following circumstances constitute reversible error: J. O. Stubbs was testifying

as a witness for the state. He said that he saw appellant go towards Mrs. Farmer's house and pull a gun on "another fellow"; that he didn't know who the other man was. Appellant objected because Stubbs stated that "he didn't know who the other fellow was", and asked the court to instruct the jury to disregard that testimony. The trial court, sustaining the incorrect objection of appellant, erroneously advised the jury that the question was whether appellant had exhibited a gun in the stated manner "on this defendant's brother", and that if he exhibited it on some one else the jury would "disregard what this defendant did toward some one else". Shortly thereafter the city rested its case, and appellant made a motion for a peremptory instruction of not guilty, which was overruled. At that time it apparently was called to the trial judge's attention that, in previously ruling on appellant's objection to Stubbs' testimony, he had erroneously told the jury that the question was whether the gun was exhibited in the stated manner on appellant's brother and not on anyone else. Hence when the jury returned to the court room, the court, undertaking to correct this earlier ruling, advised the jury that it was not necessary for the city to prove that appellant pointed a gun at a particular individual, "at this particular man", apparently referring to appellant's brother; that it was only necessary that the city prove that appellant pointed it "toward any individual", and "at some individual—not at one particular individual".

▆▆▆▆▆ The trial court was undertaking to correct an erroneous ruling which it had previously rendered in response to an objection made by appellant's attorney. The correction should have been made, as provided by Code of 1942, Sec. 1530, by a written instruction on the law, rather than by oral comments. However, we do not think that this constitutes reversible error. The original erroneous ruling was made in response to appellant's erroneous objection. Moreover, the corrected ruling still placed a

heavier burden upon the state than was necessary, and was more favorable to appellant than that to which he was entitled, ██ ██ since in this respect the state needed to prove only that the deadly weapon was exhibited "in the presence of three or more persons" and not at appellant's brother or at any other particular individual. Written instructions given to the jury correctly stated the statutory requirements. Moreover, ██ ██ the state's case clearly established appellant's guilt. We do not think that the jury, in light of all these circumstances, was misled. This brings into play Rule 11 of this Court, which provides: "No judgment shall be reversed on the ground of misdirection to the jury, or the improper admission or exclusion of evidence, or for error as to the matter of pleading or procedure, unless it shall affirmatively appear, from the whole record, that such judgment has resulted in a miscarriage of justice."

Affirmed.

*Roberds, P. J.,* and *Hall, Kyle,* and *Arrington, JJ.,* concur.