JOHNSON *v.* CITY OF CRYSTAL SPRINGS.

Oct. 26, 1953

No. 38844 40 Adv. S. 43 67 So. 2d 465

454

*Arrington & Arrington,* Hazlehurst, for appellant.

*John E. Stone,* Assistant Attorney General, Jackson, for appellee.

456

LOTTERHOS, J.

This is an appeal from a conviction of the offense of operating a motor vehicle while under the influence of intoxicating liquor.

The facts on behalf of the prosecution may be briefly summarized as follows: On the date of the alleged offense, the wife of appellant, who had left their home a few days before, returned to Crystal Springs, for the purpose of obtaining some of her personal property from their home. Her sister and sister-in-law were with her. At the request of appellant's wife, the city marshal and a police officer accompanied them to the house. There was testimony that while they were at appellant's home, from about 11:30 A. M. to noon, appellant was so drunk he could hardly stand up, and "would stagger out there" and throw his wife's clothing out of her truck. It was further testified that a short time thereafter, when appellant's wife was about to leave Crystal Springs, she requested the police officer who had been at appellant's home when she was there, to detain her husband while she got out of town. This occurred in the business section after she had left their home. About that time appellant drove up to a point nearby and stopped at a red light. This police officer, who had observed appellant at his home not long before, went out to the car and, according to his testimony, again saw that appellant was drunk. He thereupon attempted to remove appellant from his car and called on a by-stander for help. He did not succeed in removing appellant from the car and appellant drove away and returned to his home. This police officer then obtained a warrant for the arrest of appellant. He and the city marshal and another officer went to appellant's home and arrived there, according to the

457

testimony of the marshal, about twenty minutes after they had been there the first time. It was testified that on this occasion, when they arrested appellant, he was drunk and "couldn't stand up."

In this situation several alleged errors are assigned. The first of these is that it was error to refuse appellant's request for an instruction in the form quoted and discussed in Ball v. State, 203 Miss. 521, 36 So. 2d 159 and 797. The instruction referred to sets out that "the statute does not condemn every person who takes a drink of liquor and thereafter drives an automobile on a highway, but that before you can convict the defendant you must believe beyond every reasonable doubt that the defendant was at the time under the influence of intoxicating liquor to the extent that his driving the automobile created a situation of danger on the highway." There was no error in refusing this instruction, because it would require that the defendant be under the influence of intoxicating liquor "to the extent that his driving the automobile created a situation of danger on the highway." This quoted language would lead the jury to believe that there must be some situation of actual danger at the time, which we think is not necessary. In the case at bar there was no apparent danger to anyone, and yet, if in fact the appellant was driving his car while under the influence of intoxicating liquor, he was in violation of the statute.

It is next argued by appellant that one of the instructions granted to the prosecution constituted reversible error. The instruction referred to is the same instruction which has been condemned in Jones v. State, 130 Miss. 703, 94 So. 851, Davis v. State, 170 Miss. 78, 154 So. 304, and Sykes v. City of Crystal Springs, Miss., 61 So. 2d 387. In these cases, although the instruction was criticized because it tends by its language to unduly burden the accused, yet it was in each instance considered non-prejudicial because of other instructions on reasonable doubt and under the facts of these cases. We have

concluded that in the case at bar the granting of this instruction did not constitute reversible error, although we again withhold our approval of this particular instruction. Appellant was granted three instructions which adequately set forth the extent to which the jurors must be convinced of guilt before finding a verdict of guilty.

It is argued that the testimony of the police officer who attempted to remove appellant from his car at the stop light to the effect that appellant was then intoxicated should not have been admitted and considered because this officer arrested or attempted to arrest the appellant without legal cause. But this officer had seen appellant drunk at his home just a short time before, and, therefore, when he saw appellant driving his car, he was a witness to a misdemeanor committed in his presence.

It is also contended that the verdict of the jury was against the great weight of the evidence and that it was erroneous to admit and consider testimony of the intoxication of appellant at his home at the time when he was arrested. We see no merit in these contentions. The facts as disclosed by the testimony adduced by the prosecution are that appellant was intoxicated at his home between 11:30 A. M. and noon, that a short time later, in the opinion of the police officer, he was drunk while driving on the streets and during the episode at the stop light, and that, about twenty minutes after the first observation of appellant at his home, he was found there in an intoxicated condition upon the occasion when he was arrested. We think that these three occurrences were so closely connected in time that all must be considered together as competent and probative of the condition at the time when he was driving his car. As a result of what has been said, we conclude that this case should be affirmed.

Affirmed.

*Roberds, P. J.,* and *Lee, Kyle,* and *Ethridge, JJ.,* concur.