NICHOLS *v.* STATE.

March 1, 1954

No. 39040          55 Adv. S. 24          70 So. 2d 515

*William C. Thompson,* Forest, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

McGehee, C. J.

The appellant George D. Nichols was tried and convicted of the offense of unlawfully operating a motor vehicle on and over a public highway "while under the influence of intoxicating liquor."

The testimony on the issue of fact as to whether or not the accused was driving his car on the highway while under the influence of intoxicating liquor is sharply in conflict but there was ample testimony to warrant the jury in finding him guilty of the offense charged, and he was not therefore entitled to a directed verdict in his favor.

The second assignment of error is the refusal of an instruction on behalf of the accused which would have required the jury not only to believe from the evidence beyond every reasonable doubt that he was operating a motor vehicle on the highway while under the influence of intoxicating liquor, but to further believe that he was under the influence of intoxicating liquor "to the extent that his driving the motor vehicle created a situation of danger on the highway." In the recent case of Johnson v. City of Crystal Springs, 218 Miss. 453, 67 So. 2d 465, we held that the refusal of this instruction was not error. The Court commented thereon as follows: "There was no error in refusing this instruction, because it would require that the defendant be under the influence of intoxicating liquor 'to the extent that his driving the automobile created a situation of danger on the highway.' This quoted language would lead the jury to believe that there must be some situation of actual danger at the time, which we think is not necessary. In the case at bar there was no apparent danger to anyone, and yet, if in fact the appellant was driving his car while under the influence of intoxicating liquor he was in violation of the statute."

It is next contended that the trial court was in error in not permitting the accused to show that the deputy

sheriff, who corroborated the testimony of the two highway patrolmen to the effect that the accused was under the influence of intoxicating liquor when arrested, had made a contrary statement at or near the time of the trial of the case in the justice of the peace court. A predicate for the proposed contradiction was laid during the cross examination of the deputy sheriff when the attorney for the accused asked him "Don't you recall down in the sheriff's office when I wanted you to testify in this case, don't you know that you told me that Nichols was as sober as any man—that you didn't want to get crossed up with the highway patrolmen? A. I didn't tell you that. Q. You deny making that statement? A. I sure do."

It would have been competent for the attorney to have testified in regard to his version of his conversation with the deputy sheriff, but the attorney did not see fit to become a witness in view of the proprieties of the situation. The defendant undertook to testify in his own behalf that this deputy sheriff had made a similar statement to that indicated in the foregoing quoted questions and answers. The court sustained an objection to the defendant so testifying, and presumably on the ground that no predicate had been laid for contradicting the deputy sheriff as to any statement that he may have made to the defendant himself.

Finally, it is contended that the trial court erred in not permitting the employer of the defendant to testify that if the defendant did in fact drive on the highway while under the influence of intoxicating liquor, his action in so doing would have been contrary to the orders given him by his employer. We do not think that it was error to sustain objection to this proposed testimony of the employer. Moreover, the defendant had been permitted to testify, without objection, that this employer had given him orders not to drink while driving.

Since no reversible error was committed by the trial court and there was ample evidence to sustain the verdict

248

of the jury upon a consideration of the conflicting testimony, the judgment appealed from must be affirmed.
Affirmed.

*Hall, Lee, Holmes* and *Ethridge, JJ.,* concur.