WARNER *v.* STATE.

No. 39313 November 22, 1954 75 So. 2d 741

*B. H. Loving,* West Point, for appellant.

*Wm. E. Cresswell,* Asst. Atty. Gen., Jackson, for appellee.

Holmes, J.

The appellant was tried and convicted in the Justice of the Peace Court of District Number Two of Clay County on an affidavit charging him with unlawfully operating a motor vehicle on West Main Street in West Point, Mississippi, while under the influence of intoxicating liquor. He was fined $100.00 and costs, and appealed to the circuit court, where he was again tried and convicted and sentenced to pay a fine of $100.00 and costs. He prosecutes this appeal from the judgment in the circuit court.

The appellant contends that the evidence is insufficient to establish his guilt beyond every reasonable doubt. The state's proof, which was accepted by the jury, clearly established the guilt of the appellant. The sheriff testified that the appellant was too drunk to drive and that he tried to prevail upon him not to drive in his condition, and that appellant became abusive and profane in his language, and drove off in his car in disregard of the sheriff's warning, and was later arrested by the sheriff while driving his car on one of the public streets of the City of West Point. The sheriff testified that the appellant staggered and that there was a bottle of whiskey in his car. Another witness for the state testified that he saw the appellant when he got out of his car and that he was "cussing and staggering."

A police officer for the City of West Point testified that he saw the appellant at the time and that he was visibly drunk and staggering and resisted the sheriff when the sheriff tried to arrest him. Further in the testimony of this witness, he said that the appellant was definitely "drunk and staggery." Other witnesses testified as to the appellant's conduct as to cursing the sheriff on the occasion in question.

The appellant and his wife were the only witnesses in his behalf. Both admitted that they had each had two small drinks, taken several hours apart during the afternoon and evening, but they denied that appellant was drunk or under the influence of intoxicating liquor. Appellant's wife said that she did not hear her husband curse the sheriff, and the appellant himself testified that he would not say whether he cursed the sheriff or not, but that he was very mad because of the sheriff's treatment of him.

It can be readily seen that the evidence on the question of the appellant's guilt or innocence was conflicting and created an issue of fact for the determination of the jury. There was ample evidence to sustain the jury's verdict and we are, therefore, not warranted in disturbing it.

The appellant contends that the trial court erred in refusing his request for an instruction on the presumption of innocence. The requested instruction contained verbiage announcing to the jury that the presumption of innocence with which the defendant was clothed should be kept before the jury during the trial and should be taken by him into the jury room when they retired to consider their verdict, and that it stood as a witness for the defendant proclaiming his innocence. We deem it unnecessary to set out the instruction in full. It is sufficient to say that the instruction has been condemned by this Court in at least three cases, namely: Carr v. State, 192 Miss. 152, 4 So. 2d 887; Lott v. State, 204 Miss. 610, 37 So. 2d 782; and Bone v.

State, 207 Miss. 20, 41 So. 2d 347. We are accordingly of the opinion that the trial court was correct in refusing this instruction.

The appellant further complains of the trial court's action in refusing the following requested instruction: "The court charges the jury that no juror in this case should permit himself to be to any extent influenced against the defendant because of or on account of the indictment in this cause for the reason that such indictment is of itself a mere accusation or charge against the defendant, and is not any evidence whatsoever or in any respect of the guilt of the defendant."

The instruction is objectionable in the first place because it is inaccurate in that it advises the jury erroneously that the defendant is being tried on an indictment, when in truth and in fact, he is being tried on an affidavit. This Court, however, expressly held in the case of Howze v. State, 43 So. 2d 191, that the refusal of a like instruction would not constitute reversible error unless it appeared that some miscarriage of justice had resulted. We can perceive no miscarriage of justice which resulted to the appellant because of the refusal of this instruction, and we are of the opinion that its refusal in this case is not alone sufficient to warrant a reversal of the judgment of conviction.

The appellant also complains that the court erred in refusing his request for the following instruction: "The court charges the jury that if there is any one single material fact proven in this case which is inconsistent with the guilt of the defendant, then this is of itself sufficient to raise a reasonable doubt thereof, and it will be the sworn duty of the jury to find the defendant not guilty." This instruction was clearly erroneous and the court was correct in refusing it. It would be highly improper to single out any single material fact and authorize the jury to base their verdict upon this one fact. It is the duty of the jury to con-

sider the evidence as a whole and determine from that the guilt or innocence of an accused.

The appellant also contends that the trial court erred in granting to the state the following instruction: "The court instructs the jury for the state that if you believe from the evidence beyond a reasonable doubt that the defendant, Tom Warner, operated a motor vehicle on West Main Street in the City of West Point, Mississippi, District Two, Clay County, while he, the defendant, was under the influence of intoxicating liquor, it is your sworn duty to find the defendant guilty as charged in the affidavit, and this is true even though you should believe from the evidence that he did not have a traffic accident at the time, and that he did not drive his automobile in a reckless manner."

The appellant assails this instruction, first, because it contains the language "as charged in the affidavit." It will be noted, however, that the instruction on its face sets out the essential elements and material substance of the charge contained in the affidavit, and in Ball v. State, 203 Miss. 521, 36 So. 2d 159, we said of a similar instruction that it did not constitute reversible error, and that while the language complained of should have been omitted, it was mere surplusage. The appellant further criticizes the instruction because it concludes with the language "even though you should believe from the evidence that he did not have a traffic accident at the time and that he did not drive his automobile in a reckless manner." The appellant argues that in order to establish the guilt of the defendant on the charge preferred against him it should appear that he was intoxicated to the extent that he was incapable of driving his automobile with safety, and that, therefore, the complained of language in the instruction should have been omitted therefrom, and that the court erred in granting the instruction as drawn. Appellant confuses prosecutions for the offense of driving an automobile while under the influence of liquor and prose-

cutions for the offense of culpable negligence. We held in the case of Cutshall v. State, 191 Miss. 764, 4 So. 2d 289, that these are separate offenses for which one could be separately prosecuted and neither prosecution would bar the other. We further said in that case: "It is sufficient in a prosecution for the misdemeanor that the defendant be driving while under the influence of liquor." The statute declaring it to be an offense for one to drive an automobile on the public highways while under the influence of intoxicating liquor was manifestly designed to prevent one from so driving an automobile before he reaches that stage of intoxication which renders him a menace on the highways. The statute is salutary in its purposes and worthy of rigid enforcement against those who would violate it. Certainly prosecutions under the statute should not be abated until the inebriated driver demonstrates his inability to drive safely. We find no error, therefore, in the action of the trial court in granting to the state the instruction of which the appellant complains.

It is next contended by the appellant that the trial court had no jurisdiction to render its judgment because (1) no certified transcript of the proceedings of the justice court had been filed in the circuit court, and (2) the transcript of proceedings, when finally filed during the course of the trial, showed no judgment of conviction, but on the contrary, showed that the appellant had been bound over to the circuit court under a bond of $250.00, and (3) the original papers showing the judgment, affidavit, appeal bond, etc., were not attached as a part of the certified transcript. The record discloses the following: The appellant was tried in the justice of the peace court on September 18, 1953. On the same day, there was filed with the circuit clerk a copy of a judgment signed by Curt Bennett, Justice of the Peace, reciting that the cause came on for hearing and that the defendant, through his attorney, B. H. Loving, pleaded nolo contendere, and that the defendant

was fined $100.00 and $11.50 costs, and put under a $250 bond to appeal to the circuit court, and that said bond was approved by the sheriff, J. R. Campbell, and the appeal papers given to T. H. Moseley, Circuit Clerk. This judgment was dated September 18, 1953, and further recited that the verdict was rendered under Section 8174 of the Code. On the same day there was also filed with the circuit clerk an appeal bond executed by the appellant and his sureties, reciting the conviction of the appellant in the justice of the peace court of Curt Bennett, District Number Two, and that an appeal therefrom was being prosecuted to the circuit court. On the same day, there was also filed with the circuit clerk the affidavit lodged against the appellant in the justice of the peace court, the warrant for the arrest of the appellant, and the return of the officer thereon showing his arrest. On the 16th day of December, 1953, the appellant's case was called for trial. At the outset of the trial, the district attorney made the following statement to the court: "I call the court's attention that the transcript of the record of the lower court is not here and the County Attorney is on his way or is in the process of preparing it and it will be here during the course of the trial." In response to this announcement by the district attorney, the court said, "all right." No objection was then made by the appellant to proceeding with the case in the absence of a duly certified transcript of the proceedings in the justice of the peace court. The selection of a jury was then proceeded with and one of the principal witnesses for the state, Bob Campbell, the sheriff, who made the arrest, was examined in chief and cross-examined by appellant's counsel. Upon the conclusion of the cross-examination of this witness, it was made known to the court that a certified transcript of the proceedings in the justice of the peace court had then been filed, and the same was offered in evidence by the district attorney and objected to by the appellant. At the conclusion of the state's

proof, the appellant moved the court to exclude the evidence and to direct a verdict for the defendant because of the insufficiency of the evidence, and upon the further ground that the circuit court was without jurisdiction because no transcript of the proceedings in the justice of the peace court had been filed at the outset of the trial. This motion was overruled by the court.

Appellant first argues that the court was without jurisdiction to proceed with the trial when it developed at the outset that there was no certified transcript of the proceedings in the justice of the peace court on file. Appellant relies upon the line of cases decided by this Court prior to the enactment of the amendment contained in Section 3403 of the Mississippi Code of 1930, now appearing as Section 1987 of the Mississippi Code of 1942. This amendment reads as follows: "And no judgment in any case originating in a justice court or any municipal court and appealed to the circuit court shall be reversed because it may appear in the Supreme Court transcript that the judgment or record of the said justice or municipal court was not properly certified, or was not certified at all, or was missing in whole or in part, unless the record further shows that objection on that account was made in the circuit court, in the absence of which objection in the circuit court, there shall be a conclusive presumption that the defects in this clause mentioned would not exist in the circuit court proceedings; provided, however, that the foregoing clause shall not apply to cases wherein a record in the Supreme Court of the transcript from the justice or municipal court is necessary to a fair understanding of the proceedings in the circuit court."

■■■ It is clear that a record in the Supreme Court of the transcript from the justice of the peace court was not necessary to a fair understanding of the proceedings in the circuit court. The cases decided prior to the enactment of the quoted amendment, and relied upon by the appellant, have no application to the case before us.

It is argued by the appellant, however, that since it affirmatively appeared from the district attorney's statement that no properly certified transcript of the proceedings in the justice of the peace court was on file in the circuit court, the presumption mentioned in the statute disappears. In other words, it is the contention of the appellant that there can be no presumption where the facts are shown. The appellant's argument, however, is in the face of the statute. It is true that the district attorney announced to the court in the outset that there was not on file in the circuit court a properly certified transcript of the proceedings in the justice of the peace court. Following this announcement of the district attorney, however, the appellant made no objection to proceeding with the trial. The case comes clearly within the statute, therefore, which provides that where it appears in the Supreme Court transcript that the judgment or record of the justice or municipal court was not properly certified, or was not certified at all, or was missing in whole or in part, there can be no reversal in the absence of an objection by the defendant, and the conclusive presumption as set out in the statute attaches. We are accordingly of the opinion that since no objection was made to proceeding with the trial after the announcement by the district attorney, the appellant can not now avail himself of such objection. McCluney v. State, 162 Miss. 333, 138 So. 356; Whittington v. State, 67 So. 2d 515.

It is further contended by the appellant that the transcript of proceedings, when finally filed during the course of the trial, showed no judgment of conviction, but, on the contrary, showed that appellant had been bound over to the circuit court under a bond of $250.00. It is true that in the transcript of the proceedings certified to by the justice of the peace and filed on December 16, 1953, it contained an entry purporting to be from the docket of the justice of the peace and reading as follows: "This cause came up for hearing and the

defendant, through his attorney, B. H. Loving, plead nolo contendere, and the defendant was bound over to the circuit court under a $250.00 bond, which was made and approved by Sheriff J. R. Campbell, and the papers turned over to T. H. Moseley, Circuit Clerk.'' There had previously been filed, however, a copy of the judgment rendered by the justice of the peace reciting the plea of nolo contendere by the defendant and the imposition by the court of a fine of $100.00 and costs. It is contended by the appellant, however, that this copy of the judgment was not a part of the certified transcript of the proceedings, and that, therefore, the entry with reference to the defendant being bound over to the circuit court constitutes the only duly certified judgment rendered by the justice of the peace. We do not think this contention of the appellant is sound. The certificate of the justice of the peace recited that ''the foregoing and annexed file of papers contains all of the original papers filed in said case, including affidavit, warrant, exhibits, appeal bond and cost bill and all other papers pertaining to said case.'' This certificate, accompanied by a transcript of entries from the docket of the justice of the peace, was filed in the circuit court on December 16, 1953. It embraces the affidavit, the warrant, the judgment of conviction, and the appeal bond, all of which papers were on file with the circuit clerk at the time of the filing of the certificate of the justice of the peace, and manifestly all such papers previously filed, including the judgment of conviction, were included and embraced in the certificate of the justice of the peace. We think it sufficiently appears, therefore, from the record in this case that prior to any objection by the appellant upon the ground that no certified copy of the transcript of proceedings in the justice of the peace court was on file in the circuit court, there was duly filed in the circuit court a properly certified transcript of the proceedings in the justice of the peace court, showing that a judgment of conviction had been

rendered by the justice of the peace, and an appeal bond duly filed and executed. It is our conclusion, therefore, that the contention of the appellant that the circuit court was without jurisdiction because of the absence of a properly certified transcript of the proceedings in the justice of the peace court is not well founded.

After a careful review of the entire case, we are of the opinion that the evidence is amply sufficient to support the judgment of conviction, and that the record is free from reversible error. The judgment of conviction will therefore be affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Lee,* and *Kyle, JJ.,* concur.