275 So.2d 851 (1973)
Jimmy Lee HOLIFIELD
v.
STATE of Mississippi.
No. 47267.
Supreme Court of Mississippi.
March 26, 1973.
Rehearing Denied April 23, 1973.
*853 Harry Kelley, Jackson, for appellant.
A.F. Summer, Atty. Gen. by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
BROOM, Justice.
In the Circuit Court of Rankin County, Mississippi, appellant was indicted, tried and convicted of the crime of burglary. He received a sentence of seven years in the state penitentiary and appeals to this Court. We affirm.
The indictment charges that appellant together with three others broke and entered Piggly-Wiggly store on May 23, 1971 and stole some items therefrom. Piggly-Wiggly was in Brandon, Mississippi. Appellant denied guilt saying three others, Myers, Burns and Brown, (without any participation on his part) committed the burglary. He testified that he was merely riding with the others who were transporting band members from the Soul Center in Morton. He said "they" decided to "hit" the store, and that he had nothing to do with said decision or the criminal act which followed. Admittance into the store was gained through a hole cut in the roof. Appellant testified that he was at the scene; that he got out of the car and "stood around" during the commission of the burglary. State witnesses testified that appellant admitted participating in the burglary by assisting in chopping the hole in the roof and serving as lookout man on the roof while others entered.
On December 12, 1971 Investigator Jack Smith of the Mississippi Highway Patrol, who had done work on the case, learned that appellant was in jail in Tippah County. Together with other officers including Police Chief Sessums, Smith traveled to Ripley on December 14 to talk to appellant. They did not then interrogate him after Chief of Police Sessums of the Morton Police Department was told by appellant that he did not care to talk with them. Subsequently on December 19 appellant's father allegedly informed Sessums that appellant desired to talk further with him and Officers Smith and Edwards. Next day said officers went to talk to appellant and did talk to him at Ripley, Mississippi. The following facts and circumstances are shown by the record pertaining to the alleged confession of appellant. Questions related to the admissibility of said confession are paramount to all others because, absent the confession, the state's case would at best be very weak.
Before questioning appellant it appears that Investigator John Edwards read to appellant his rights. The advisory form containing the rights is as follows, and the controversial part of it with reference to appellant's right to a lawyer is underlined.
 EXHIBIT NO. 1 YOUR RIGHTS
 TO TESTIMONY OF Place Tippah County
 Court House Jail
 John Edwards Date 20 Dec 71
 MRS. RUTH A. BLACKLEDGE
 OFFICIAL COURT REPORTER Time 1200 
Before we ask you any questions, you must understand your rights. You have the right to remain silent. Anything you say can be used against you in court. You have the right to talk to a lawyer for advice before we ask you any questions, and to have him with you during questioning. You have this right to the presence and advice of a lawyer even if you cannot afford to hire one. We have no *854 way of giving you a lawyer, but one will be appointed for you, if you wish, if and when you go to court. If you wish to answer questions now without a lawyer present, you have the right to stop answering questions at any time. You also have the right to stop answering at any time until you talk to a lawyer.
Following said printed advisory of his rights was a waiver form in the following language:
WAIVER
I have read the statement of my rights shown above. I understand what my rights are. I am willing to answer questions and make a statement. I do not want a lawyer. I understand and know what I am doing. No promises or threats have been made to me and no pressure of any kind has been used against me.
 Signed Jimmy L. Holifield
After being so advised of his rights and having signed the waiver form, the testimony of the state was to the effect that appellant freely confessed orally to his participation in several burglaries including the one in question. Following his oral statement confessing his participation in the burglary, Investigator Edwards proceeded to write down the confession which was signed by appellant.
At the trial, out of the presence of the jury, an evidentiary hearing was conducted concerning admissibility of the alleged confession. After hearing opposite testimony from state and defense, the court held that the oral and written confessions were both freely and voluntarily given after appellant had been warned properly of his rights. The confession was then admitted into evidence over the objection of the appellant. Appellant contended it was induced by promises of leniency and that the words were what the officers told him to say. These contentions were denied by state witnesses who said the oral and written confessions were freely and voluntarily given. On cross-examination appellant admitted that he signed the waiver and that, to the best of his knowledge, he understood it. He was asked on cross-examination if he understood that he had a right to remain silent, to which he answered affirmatively. He also stated on cross-examination that he was aware that he had a right to see a lawyer and that anything he said might be used against him. It is further significant that on cross-examination he stated that he understood that at any time during the course of questioning at the time the confession was taken he could, if he desired, stop answering questions and consult with a lawyer. There was also testimony from him on cross-examination that he could read and that he did in fact read the advisory form and the waiver in question prior to signing it.
The chief issues in the case are as follows: (1) Was the written and oral confession properly admitted into evidence? (2) Were remarks made by state witnesses pertaining to other crimes and certain argument made to the jury by the district attorney so prejudicial as to require another trial? (3) Did the court err in improperly restricting defense counsel's cross-examination of a state witness, the Highway Patrol Investigator, Smith? (4) Was the evidence sufficient to go to the jury?

I.
Appellant contends the confession was inadmissible because the "statement of his rights" given him prior to his waiver and confession did not adequately advise him of his rights to a lawyer as required by the historic case of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Standing alone the sentence which reads "We have no way of giving you a lawyer, but one will be appointed for you if you wish, if and when you go to court" might fall short of and offend the requirements of Miranda. We hold that said sentence must be read and considered in the light of additional language which preceded and followed it. The language of the *855 sentence may not be expressive of the most desired degree of exactitude. However, along with preceding and succeeding language it was not so deficient that it lacked the requirements of Miranda. Appellant was, by the sentence following the one under attack, told: "If you wish to answer questions now without a lawyer present, you have the right to stop answering at any time until you talk to a lawyer." This language was followed by a written waiver to the effect that appellant understood his rights and that he was freely and voluntarily making a statement; that he did not want a lawyer  "I understand and know what I am doing; and no promises or threats have been made to me." It is obvious to us that the printed form effectively advised appellant that he had the right to counsel before and during interrogation. It told him he might waive counsel during questioning. We upheld the validity of a similar advisory in the not yet reported case of Evans v. State, 275 So.2d 83 (Miss. decision rendered March 12, 1973).
A careful scrutiny of this record convinces us and shows clearly that this is not a case where the accused person was not informed of his right to the presence of an attorney during questioning. Anyone upon reading the entire advisory concerning appellant's rights should logically conclude that he had a right not to utter one syllable until a lawyer was present with him. Further, one would have to conclude from the advisory that at any time during questioning appellant might decide to stop answering until such time as he was furnished an attorney. In other jurisdictions factual situations have existed where similar printed forms were given to people accused of crime, advising them of their rights and the same were held to be sufficient under the requirements of Miranda, supra, United States v. Lacy, 446 F.2d 511 (5th Cir.1971); Massimo v. United States, 463 F.2d 1171 (2d Cir.1972); People v. Williams, 131 Ill. App.2d 149, 264 N.E.2d 901 (1970); Dickerson v. State, 276 N.E.2d 845 (Ind. 1972); People v. Campbell, 26 Mich. App. 196, 182 N.W.2d 4 (1970), cert. denied, 401 U.S. 945, 91 S.Ct. 960, 28 L.Ed.2d 228 (1971). To the contrary were the not so well reasoned cases of Moore v. State, 251 Ark. 436, 472 S.W.2d 940 (1971) and Schorr v. State, 499 P.2d 450 (Okl. Cr. 1972).
Being mindful of Miranda, we hold as follows. The state is not required to provide instant counsel to one suspected of crime before he can speak. However, before interrogating a suspect in custody, the state or its representatives must tell the suspect of his right not to speak without counsel. Should such suspected person state that he desires the services of a lawyer at any time, then such must be furnished him prior to interrogation. Even under those circumstances we hold that it would not be necessary to provide legal counsel "then and there," but before interrogation ensues. Appellant herein was advised of his rights prior to confession. There was substantial evidence to the effect that he, of his own volition, chose to and did intelligently waive his right to the presence and advice of counsel. His confession was upon the record properly admitted into evidence.

II.
The next contention of appellant is that he was deprived of a fair and impartial trial when the court failed to declare a mistrial after a state witness made certain improper remarks. The state witness, John Edwards, was asked if he made an investigation concerning an incident that occurred at the Piggly-Wiggly store on May 23, 1971. In answering the question he improperly stated that he had a call from the chief of police over at Morton that he (the chief) had information about an officer being shot in North Mississippi, and that some subjects had been apprehended up there who "he thought might have been connected with some burglaries that we had down here around Morton, Pelahatchie and Brandon." The court sustained *856 the appellant's objection to this testimony and overruled appellant's motion for a mistrial. Since the improper testimony made no indication that the appellant was involved in any of the other offenses, we hold that no prejudicial effect could have been thereby brought to bear upon the jury. Thus no reversible error was committed in this regard.
During direct examination of Chief of Police L.V. Sessums, he was asked questions pertaining to his interrogation of the appellant Holifield. He was asked, "Tell the court why you talked to him and what was said and done." The witness then stated: "We went on a series of burglaries that had been held in Scott County and Rankin and Tippah County." Then he was asked the following question: "You say you went to see him about it?" To this question he answered, "Yes, sir." Then the appellant objected "about this man going to Ripley to see him about a series of burglaries all over the county." There the court promptly sustained the objection and directed the jury to disregard the statement about a series of burglaries and to confine their testimony to the case before the bar. We hold that the court properly instructed the jury sufficiently to raise the presumption that the jury understood that the trial court disapproved of the testimony in question. When the court sustains objections to improper testimony of witnesses or improper remarks of legal counsel participating in a trial, it is presumed, unless otherwise shown, that the jury followed the directions of the trial judge to disregard such comment or testimony. Hughes v. State, 179 Miss. 61, 174 So. 557 (1937); Dabbs v. Richardson, 137 Miss. 789, 102 So. 769 (1925).
During the closing argument of the district attorney, he told the jury that what the law officers were doing was "trying to protect you, next time it might be your house that is burglarized." At this point defense counsel objected to the argument and the court sustained the objection. Then the defense counsel moved for a mistrial, which was overruled. The remark of the district attorney was improper and should not have been made but we do not find it to constitute reversible error. Under the circumstances present, the action of the trial court in sustaining defense counsel's objection to the remark was sufficient to prevent reversible error. Herrin v. State, 201 Miss. 595, 29 So.2d 452 (1947). The presiding judge sustained objections in every instance where proper objection was made by defense counsel to either improper testimony or remarks of state wtinesses or the prosecutor. He properly admonished the jury to disregard improper testimony. We hold that the cumulative effect on the jury of the trial judge's action had the effect of curing any improper conduct or prejudicial testimony on the part of the state. Pitts v. State, 211 Miss. 268, 51 So.2d 448 (1951).
Next, appellant contends that reversible error occurred with regard to that portion of the written confession connecting appellant with other offenses which reads: "The next store that we broke into was the Piggly-Wiggly store." During the evidentiary hearing outside the presence of the jury concerning the admissibility of the written confession, the trial judge directed that only such part of the confession that pertained to the case on trial would be admissible. As directed by the trial judge the state offered in evidence only that part of the written statement of the defendant pertaining to the incident before the court. References to other offenses were cut from the confession that went to the jury but through inadvertence the word "next" remained. Then during direct examination of the appellant he was asked by his own counsel to read the statement (confession) and tell whether or not it was true. In response, appellant read: "The next store... ." Since defense counsel elicited from appellant the language "next," he waived any valid objections that *857 he might have had to the word "next" being in the confession. Sykes v. City of Crystal Springs, 216 Miss. 18, 61 So.2d 387 (1952).
Said improprieties discussed above under Part II hereof are in nowise approved but, under the circumstances revealed by the record, do not constitute reversible error.

III.
On cross-examination of state witness Smith the defense sought to question him about his understanding of what was meant by the advisory statement of appellant's rights to the effect that "You have this right to the presence and advice of a lawyer even if you can't afford to hire one. We have no way of giving you a lawyer but one will be appointed for you if you wish if and when you go to the court." The court rightly sustained the state's objection to the question. Of course, the law is well settled that the defense has a right to cross-examine state witnesses concerning circumstances which surround the giving of any confession. Defense counsel certainly has a right to question state witnesses with reference to the free and voluntary aspects of the accused person's attitude and demeanor at the time he gave any confession. We hold that the court properly ruled in this instance under the surrounding circumstances that defense counsel had no right to require a state witness to give his own personal understanding or interpretation of the meaning of the language used in the advisory given to the appellant explaining his rights.
Appellant also urges that the trial court erred when it refused to permit defense counsel to interrogate said witness Smith with regard to whether or not he, Smith, informed appellant at the time the confession was obtained that appellant had the right to go before a magistrate or judge on this charge. Defense counsel also asked the witness Smith: "Did you tell him anything about that (meaning his right to go before the judge or magistrate)?" At that point the witness answered that he did not so advise appellant and that the appellant was not at that time charged. Then (subsequent to the question and answer) the state objected to the testimony, and the court sustained the objection. We hold that the appellant was in nowise prejudiced or prevented from having a fair trial by said action of the trial court. Such testimony was not pertinent to any question concerning voluntariness on the part of appellant in making his confession. The jury had before it all of the testimony of the state's witnesses plus the testimony of the defendant and his witnesses concerning facts and circumstances surrounding the confession. We do not find that any action of the trial court effectively deprived appellant of any valuable right whatever. The action of the trial court complained of here is not within the category of circumstances presented this Court in Rhone v. State, 254 So.2d 750 (Miss. 1971). Neither was it within the purview of errors noted in other cases cited in Rhone.

IV.
Finally, the appellant contends that the trial court erred in not granting a peremptory instruction at the close of all of the evidence. We hold that there was substantial and reasonable testimony which if believed by the jury was adequate upon which the jurors might return a verdict of guilty. The evidence included appellant's confession that he assisted in the burglary. He denied that he participated but admitted being nearby and waiting while the others went in. Appellant's confession, according to the state, was freely and voluntarily given, while according to the testimony of the appellant it was induced by promises of leniency which were denied by the state. In this posture of the case it was for the jurors to pass on the credibility of the witnesses and the weight and the worth of the testimony given by the witnesses. McLelland v. State, 204 So.2d 158 (Miss. 1967).
*858 While the jury had a right to reject the testimony of the state's witnesses and acquit the defendant, it chose to do otherwise and we are not able to find any reversible error in the record.
Affirmed.
RODGERS, P.J., and INZER, SUGG and WALKER, JJ., concur.