ROBERTSON, Presiding Justice, for the Court:
Thomas J. Rasco was indicted by the grand jury of the Circuit Court of Jackson County for capital murder, in that he killed Mary Vincent on December 1, 1976, while engaged in the commission of the crime of armed robbery.
After both sides had rested, the court sustained the defendant’s motion for a peremptory instruction as to capital murder, the court finding that the state’s evidence was insufficient to prove robbery. The jury returned a verdict of guilty of murder, and the court sentenced Rasco to life imprisonment.
Appellant assigns as error:
I.The trial court erred in overruling the appellant’s motion for a mistrial requested because of the admission of hearsay statements of the deceased.
II.The State’s evidence improperly insinuated that the deceased had been robbed.
III. The trial court erred in allowing Josie Mae Robinson and Lana Jerkins to be recalled to give testimony already ruled inadmissible.
IV. The court erred in overruling the appellant’s motion to quash the indictment on the ground that there had never been a black grand jury foreman in Jackson County.
V.The assistant district attorney’s comments during closing argument on robbery as a motive for murder were prejudicial to the appellant.
The deceased, Mary Vincent, owned and operated a small cafe in Moss Point. On the afternoon of December 1, 1976, she was found lying on the floor of her cafe by a neighbor. She had two bullet wounds in her chest, which were later determined to be the cause of death, and lacerations about her head from which two different kinds of glass fragments were removed. The colorless glass fragments matched the glass of a broken wine bottle found at the scene, and the green glass fragments matched the glass of a broken Coke bottle found at the scene.
Mrs. Annie Edings testified that on December 18, 1976, upon returning home she and her daughter found a .22-caliber pistol lying on a bed in her home. Hearing a noise under the bed, she investigated and found defendant Rasco hiding. Rasco, who was acquainted with Mrs. Edings, fled but was later apprehended by the police.
A FBI ballistics expert testified that, while he could not say positively that the .22-caliber pistol found at Mrs. Edings’ house was the murder weapon, that pistol did have the same rifling pattern as those on the bullets removed from Mary Vincent’s body, and that pistol could very well have *213 been the murder weapon. Additionally, one of the six bullets found in the pistol came from the same homogenous source of lead as the bullets removed from the body of the victim. Finally, red acrylic fibers found caught on the barrel of the pistol matched fibers from the deceased’s red acrylic sweater. The fingerprint found on the broken wine bottle matched Rasco’s fingerprint.
The record reflects that the victim borrowed $700 in cash from the Merchants and Marine Bank of Pascagoula the day before her death. The victim habitually kept paper money tucked in her brassiere. A photograph of the deceased, showing her sweater somewhat pulled down in front, was introduced as an exhibit and a thorough search of the premises revealed no paper money of any kind.
Rasco’s defense was an alibi. Rasco’s sister, mother and brother-in-law testified that on December 1, 1976, he was at home sick and taking medicine for alcoholism. Matthew Nix, a drinking friend of Rasco’s, explained that Rasco’s fingerprint on the wine bottle found at the scene was there because some time in later October when he and Rasco were drinking at Mary Vincent’s cafe, they knocked over several wine bottles and picked them up and placed them back on the counter.
I.
DID THE TRIAL COURT ERR IN OVERRULING THE APPELLANT’S MOTION FOR A MISTRIAL BECAUSE OF THE ADMISSION OF HEARSAY STATEMENTS OF THE DECEASED?
The appellant complains of Jose Mae Robinson’s testimony about a telephone conversation she had with the deceased on the morning of December 1st, the day of her death. Josie Mae testified that her Aunt, Mrs. Vincent, told her that she was going to the bank to make a deposit that day. The defense objected to this testimony and the court sustained the objection. Josie Mae also testified that on December 1st her father, the victim’s brother, was going over to Mary Vincent’s cafe to take her to the bank. Again defense counsel objected, and again the objection was sustained. Defense counsel asked that the jury be instructed to disregard the hearsay testimony and the court so instructed the jury.
In Herron v. State, 287 So.2d 759 (Miss.1974), this Court held that where the court sustained objections to improper testimony and the jury was admonished to disregard such testimony, there was no reversible error. In Holifield v. State, 275 So.2d 851 (Miss.1973), we stated that it is presumed, unless otherwise shown, that the jury followed the trial court’s instructions to disregard the objectionable testimony. In the case at bar, there was no testimony that the jury did not follow the court’s instructions to disregard the objectionable testimony.
When Josie Mae Robinson was recalled to the stand, the trial court did let in this testimony:
“Q. Did you talk to Mary Vincent on the day she died?
A. I did.
Q. What time was that?
A. Well, it was a few minutes before 9:00 in the morning or a few minutes after 9:00.
Q. Is that how you knew that she was going to the bank?
A. Yes.”
If it were error to admit this testimony, it would be harmless error because the court granted a peremptory instruction on the ground that there was insufficient proof of robbery and therefore appellant could not be found guilty of capital murder. There was other evidence amply supporting the guilty verdict. The appellant’s fingerprint on the broken wine bottle used to strike the victim and his possession of the .22-caliber pistol on which were red acrylic fibers matching in every way the red acrylic fibers taken from the victim’s sweater which she was wearing at the time of her death amply supported the jury’s verdict of guilty of murder.
There is no merit in this assignment of error.
*214 II.
DID THE STATE’S EVIDENCE IMPROPERLY INSINUATE THAT THE DECEASED HAD BEEN ROBBED?
There is no merit in this assignment of error as the charge was capital murder committed during the course of a robbery, and the state was entitled to try to prove robbery. The court’s determination that the state failed to make out a case sufficient to go to the jury on the question of robbery does not operate retroactively to render improper all evidence introduced to prove robbery.
m.
DID THE TRIAL COURT ERR IN ALLOWING JOSIE MAE ROBINSON AND LANA JERKINS TO BE RECALLED TO GIVE TESTIMONY ALREADY RULED INADMISSIBLE?
When Lana Jerkins, the Pascagoula-Moss Point Bank bookkeeper, was recalled to the witness stand, as soon as defense counsel objected to her testimony the trial court sustained the objection and she was not allowed to testify further.
When the state recalled Jose Mae Robinson to the stand, defense counsel made no objection to her testimony. So this assignment of error is without merit.
IV.
SHOULD THE INDICTMENT HAVE BEEN QUASHED BECAUSE THERE HAD NEVER BEEN A BLACK GRAND JURY FOREMAN IN JACKSON COUNTY?
Appellant next complains that the indictment should have been quashed because the evidence showed that there had never been a black grand jury foreman in Jackson County.
The appellant’s only proof was a census report for Jackson County. The census figures only indicated race by age groups, with no indication of the number of potential jurors in each age group and with an unqualified age group lumped together with possibly qualified jurors (15—29 age group). In addition, the record is devoid of proof of the number of grand jury foremen who have served in Jackson County and the race of such foremen. Merely introducing a census report without more does not meet the tests set forth in Rose v. Mitchell, - U.S. -, 99 S.Ct. 2993, 61 L.Ed.2d 739 (1979), in order to make out a prima facie case.
V.
DURING THE PROSECUTION’S CLOSING STATEMENT WERE HIS COMMENTS ON ROBBERY AS A MOTIVE FOR MURDER PREJUDICIAL TO THE APPELLANT?
The assistant district attorney made this comment to the jury:
“We had proof, some proof throughout this case, about a robbery, and we still contend that that was the motive in this case.”
Some evidence was introduced by the state that would indicate that the victim had been robbed. We are of the opinion that the state was entitled to draw the inference of robbery from the evidence introduced and to mention this in argument to the jury. In Craft v. State, 271 So.2d 735 (Miss.1973), we said that counsel in criminal cases should be allowed considerable latitude in their arguments to the jury. There is no merit in this assignment of error.
For these reasons, this Court is of the opinion that the conviction and sentence should be affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH, P. J., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.
SUGG, J., took no part.